# Amended Complaint (filed 2/2/18)

The Honorable Dean S. Lum

**STATE OF WASHINGTON**
**KING COUNTY SUPERIOR COURT**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>MOTEL 6 OPERATING L.P., and G6 HOSPITALITY LLC,<br><br>Defendants. | NO. 18-2-00283-4 SEA<br><br>AMENDED COMPLAINT FOR DECLARATORY, INJUNCTIVE AND OTHER RELIEF UNDER THE CONSUMER PROTECTION ACT AND THE WASHINGTON LAW AGAINST DISCRIMINATION |

The Plaintiff, State of Washington, by and through its attorneys Robert W. Ferguson, Attorney General, and Mitchell A. Riese and Andrea Brenneke, Assistant Attorneys General, files this action against Defendants named below. The State alleges the following on information and belief:

**I.     INTRODUCTION**

1.1     This action arises out of the unfair, deceptive, and discriminatory practices of Motel 6 Operating L.P. and G6 Hospitality LLC (hereafter, collectively referred to as "Motel 6"). Motel 6, which operate Motel 6 motels nationwide, including at least eleven (11) corporate-owned and fifteen (15) franchise-owned motels located in the State of Washington, has employed a corporate policy or practice of providing guest registry information, including the

guests' personal identifying information, upon request to agents of U.S. Immigration and Customs Enforcement within the Department of Homeland Security ("ICE"). This information was provided on an almost daily basis by some motels without the ICE agents having provided any documentation or evidence of reasonable suspicion, probable cause, or a search warrant for the requested guest registry information. Motel 6 was aware that the ICE agents used the guest registry information to identify and single out guests based on national origin, including guests with Latino-sounding names. ICE would then determine if any of the guests it identified were wanted by ICE in connection with civil immigration matters. On a number of occasions, ICE agents arrested or otherwise detained guests after reviewing Motel 6's guest registry information. Motel 6's actions of providing confidential information regarding its guests violates the Washington Consumer Protection Act, RCW 19.86 ("CPA"), and the Washington Law Against Discrimination, RCW 49.60 ("WLAD"). The State of Washington brings this action to obtain a declaration that Motel 6 violates state law and to seek injunctive and other equitable relief for Motel 6's actions.

## II.   JURISDICTION AND VENUE

2.1   This action is brought by the State of Washington to enforce the CPA's prohibition of unfair or deceptive acts or practices in the conduct of any trade or commerce, RCW 19.86.020, and the WLAD's anti-discrimination protections in places of public accommodation, RCW 49.60.030(1)(b) and RCW 49.60.215.

2.2   The violations alleged in this Complaint were committed in part in King County, Washington, by Motel 6.

2.3   Venue is proper in King County pursuant to RCW 4.12.020 and RCW 4.12.025.

## III.   THE PARTIES

3.1   Plaintiff is the State of Washington.

3.2   The Attorney General is authorized to commence this action pursuant to RCW 43.10.030(1) and RCW 19.86.080(1).

3.3     Defendant Motel 6 Operating L.P. is a for-profit corporation doing business at various locations throughout the State of Washington, including at least two (2) motels located in King County and at least twenty-four (24) other locations throughout the State.

3.4     Defendant G6 Hospitality LLC is a for-profit corporation that owns, operates and franchises Motel 6 motels throughout the United States, including the State of Washington. On the basis of knowledge and belief, G6 Hospitality LLC is the parent company of Motel 6 Operating L.P.

3.5     Motel 6 engages in trade or commerce within the meaning of RCW 19.86.010(2).

3.6     Motel 6's motels are "place[s] of public resort, accommodation, assemblage, or amusement" within the meaning of RCW 49.60.040(2).

## IV.     FACTUAL ALLEGATIONS

4.1     Motel 6 owns and operates over 1,200 motels, with more than 105,000 rooms, in the United States and Canada.

4.2     Since at least 2015, Motel 6 has had a policy or practice of providing to ICE agents, upon their request, the list of guests staying at Motel 6 the day of the agents' visit. The guest lists included some or all of the following information for each guest: room number, name, names of additional guests, guest identification number, date of birth, driver's license number, and license plate number.

4.3     ICE's usual practice was to come to Motel 6's reception desk and request the guest list from the receptionist. The receptionist would print out the guest list and give it to the ICE agent, along with a "law enforcement acknowledgment form" for the agent to sign, acknowledging receipt of the guest list. The ICE agent would review the guest list and identify individuals of interest to ICE. Motel 6 staff observed ICE identify guests of interest to ICE, including by circling guests with Latino-sounding names.

4.4     On a number of occasions after reviewing the guest list, ICE agents arrested or detained Motel 6 guests.

4.5     Motel 6 trained its new employees to follow the practice described above to provide guest lists to ICE agents upon request, without requiring the agents to show any reasonable suspicion, probable cause, or search warrant for the guest registry information.

4.6     During the period between 2015 and 2017, Motel 6 engaged in the practice of providing guest lists to ICE agents upon request at least six (6) of its Washington locations: Bellingham, Everett North, Everett South, Seattle South, SeaTac,, and Tacoma South.

4.7     For the period between June 17, 2015, to May 14, 2017, Motel 6 disclosed the personal information of at least 9,151 of its Washington guests to ICE.

4.8     Motel 6 engaged in the policy or practice of providing guest lists to ICE agents upon request at motel locations in other states, including in Phoenix, Arizona.

4.9     Motel 6 has previously engaged in a policy or practice of providing guest lists to other law enforcement entities on a routine or daily basis, including in Rhode Island.

4.10    In no case were guests informed that their presence at the motel and personal information would be provided to ICE or another law enforcement agency upon request.

4.11    Motel 6's privacy policy, as set forth on its website (https://www.motel6.com/en/faq.html), states that Motel 6 is "committed to safeguarding the privacy of the personal information that we gather." The policy also states: "From time to time, we may disclose your personal information. We will always endeavor to make that disclosure in accordance with applicable law."

4.12    Motel 6's privacy policy also states that Motel 6 may disclose guest registry information to law enforcement agencies pursuant to a court order or in compliance with any applicable law, regulation, rule, or ordinance.

4.13    Under Article 1, § 7 of the Washington Constitution, motel guest registry information constitutes a private affair protected from disclosure without probable cause. Motel 6 guests in Washington have a reasonable expectation of privacy that their guest registry information will not be disclosed to ICE without probable cause.

4.14     Motel 6 guests in Washington also have a common law right to the privacy of their guest registry information.

4.15     Motel 6's actions of disclosing the private guest registry information of its guests, in violation of the public policy of the State of Washington and its own privacy policy, constitute unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of the CPA.

4.16     Motel 6's actions of disclosing private guest registry information affects the public interest.

4.17     Motel 6, by voluntarily disclosing its private guest registry information to ICE agents with the knowledge that ICE was requesting the guest registry information for the purpose of discovering and investigating guests on the basis of national origin, including guests with Latino-sounding names, discriminated against such guests on the basis of national origin, in violation of RCW 49.60.030(1)(b) and 49.60.215(1).

4.18     The national origin of the motel guests was a substantial factor in causing the discrimination.

## V.     CAUSES OF ACTION

5.1     Plaintiff realleges paragraphs 1.1 through 4.18 and incorporates them herein as if set forth in full.

### FIRST CAUSE OF ACTION
### (Consumer Protection Act)

5.2     Unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful under the Consumer Protection Act.

5.3     Motel 6 has committed unfair acts and practices in the conduct of trade or commerce, in violation of RCW 19.86.020, by violating its guests' right to privacy.

5.4     Motel 6's actions of disclosing its guests' private information in violation of its guests' right to privacy are not reasonable in relation to the development and preservation of business and are inconsistent with the public interest.

**SECOND CAUSE OF ACTION**
**(Consumer Protection Act)**

5.5  Unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful under the Consumer Protection Act.

5.6  Motel 6 has committed deceptive acts and practices in the conduct of trade or commerce, in violation of RCW 19.86.020, by disclosing its guests' private information in violation of its own privacy policy and/or misrepresenting its privacy policy to guests and prospective guests.

5.7  Motel 6's actions of disclosing its guests' private information in violation of its own privacy policy and/or misrepresenting its privacy policy are not reasonable in relation to the development and preservation of business and are inconsistent with the public interest.

**THIRD CAUSE OF ACTION**
**(Consumer Protection Act)**

5.8  A violation of the Washington Law Against Discrimination that occurs in trade or commerce is a per se violation of the Consumer Protection Act. RCW 49.60.030(3). By the actions described above, Motel 6 has committed unfair and deceptive acts and practices that violate the Washington Law Against Discrimination, constituting a per se violation of the Consumer Protection Act.

5.9  Motel 6's actions of voluntarily disclosing its private guest registry information to ICE agents with the knowledge that ICE was requesting the guest registry information for the purpose of discovering and investigating guests on the basis of national origin, including guests with Latino-sounding names, are not reasonable in relation to the development and preservation of business and are inconsistent with the public interest.

**FOURTH CAUSE OF ACTION**
**(National Origin Discrimination in a Place of Public Accommodation)**

5.10  Under the Washington Law Against Discrimination, it is an unfair practice for a place of public accommodation to discriminate on the basis of national origin by denying the full

enjoyment of the advantages, facilities, or privileges of a place of pubic resort, accommodation, assemblage, or amusement.

5.11   By the actions described above, Motel 6 has discriminated in a place of public accommodation on the basis of national origin, in violation of RCW 49.60.030(1)(b).

### FIFTH CAUSE OF ACTION
### (National Origin Discrimination in a Place of Public Accommodation)

5.12   Under the Washington Law Against Discrimination, it is an unfair practice for a place of public accommodation to discriminate on the basis of national origin by directly or indirectly distinguishing, restricting, discriminating, requiring payment of a larger rate, or refusing or withholding admission, patronage, custom, presence, frequenting, dwelling, staying, or lodging at a place of public resort, accommodation, assemblage, or amusement.

5.13   By the actions described above, Motel 6 has discriminated in a place of public accommodation on the basis of national origin, in violation of RCW 49.60.215(1).

### VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, State of Washington, prays that the Court:

6.1   Adjudge and decree that Motel 6 has engaged in the conduct complained of herein.

6.2   Adjudge and decree that Motel 6's conduct violates the Washington Consumer Protection Act, RCW 19.86.020 and RCW 49.60.030(3).

6.3   Adjudge and decree that Motel 6's conduct violates the Washington Law Against Discrimination, RCW 49.60.030(1)(b) and RCW 49.60.215.

6.4   Issue a permanent injunction enjoining and restraining Motel 6, and its representatives, successors, assigns, officers, agents, servants, employees, and all other persons acting or claiming to act for, on behalf of, or in active concert or participation with Motel 6, from continuing or engaging in the unlawful conduct complained of herein.

6.5   Impose a civil penalty in an amount to be determined for violations of the Consumer Protection Act pursuant to RCW 19.86.140.

6.6   Make such orders pursuant to RCW 19.86.090 and RCW 49.60.030(2) to provide that Plaintiff, State of Washington, recover from Motel 6 the costs of this action, including reasonable attorney's fees.

6.7   Award such other relief as the Court may deem just and proper.

DATED this 2nd day of February, 2018.

ROBERT W. FERGUSON
Attorney General

/s/ Mitchell A. Riese
MITCHELL A. RIESE, WSBA #11947
ANDREA BRENNEKE, WSBA #22027
Assistant Attorneys General
Attorneys for Plaintiff State of Washington
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744
mitchellr@atg.wa.gov
andreab3@atg.wa.gov