# State Court Record

FILED
18 JAN 03 AM 9:28

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-00283-4 SEA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**STATE OF WASHINGTON
KING COUNTY SUPERIOR COURT**

| | |
|---|---|
| STATE OF WASHINGTON, | NO. |
| Plaintiff, | |
| v. | COMPLAINT FOR DECLARATORY, INJUNCTIVE AND OTHER RELIEF UNDER THE CONSUMER PROTECTION ACT AND THE WASHINGTON LAW AGAINST DISCRIMINATION |
| MOTEL 6 OPERATING L.P., | |
| Defendant. | |

The Plaintiff, State of Washington, by and through its attorneys Robert W. Ferguson, Attorney General, and Mitchell A. Riese, Assistant Attorney General, files this action against Defendant named below. The State alleges the following on information and belief:

## I.     INTRODUCTION

1.1     This action arises out of the unfair, deceptive, and discriminatory practices of Motel 6 Operating L.P. ("Motel 6"). Motel 6, which operates Motel 6 motels nationwide, including at least eleven (11) corporate-owned and fifteen (15) franchise-owned motels located in the State of Washington, has employed a corporate policy or practice of providing guest registry information, including the guests' personal identifying information, upon request to agents of U.S. Immigration and Customs Enforcement within the Department of Homeland

COMPLAINT                                   1                    ATTORNEY GENERAL OF WASHINGTON
                                                               Civil Rights Unit
                                                               800 Fifth Avenue, Suite 2000
                                                               Seattle, WA  98104
                                                               (206) 442-4492

1  Security ("ICE"). This information was provided on an almost daily basis by some motels

2  without the ICE agents having provided any documentation or evidence of reasonable suspicion,

3  probable cause, or a search warrant for the requested guest registry information. Motel 6 was

4  aware that the ICE agents used the guest registry information to identify and single out guests

5  based on national origin, including guests with Latino-sounding names. ICE would then

6  determine if any of the guests it identified were wanted by ICE in connection with civil

7  immigration matters. On a number of occasions, ICE agents arrested or otherwise detained guests

8  after reviewing Motel 6's guest registry information. Motel 6's actions of providing confidential

9  information regarding its guests violates the Washington Consumer Protection Act, RCW 19.86

10  ("CPA"), and the Washington Law Against Discrimination, RCW 49.60 ("WLAD"). The State

11  of Washington brings this action to obtain a declaration that Motel 6 violates state law and to

12  seek injunctive and other equitable relief for Motel 6's actions.

## II.    JURISDICTION AND VENUE

14  2.1    This action is brought by the State of Washington to enforce the CPA's

15  prohibition of unfair or deceptive acts or practices in the conduct of any trade or commerce,

16  RCW 19.86.020, and the WLAD's anti-discrimination protections in places of public

17  accommodation, RCW 49.60.030(1)(b) and RCW 49.60.215.

18  2.2    The violations alleged in this Complaint were committed in part in King County,

19  Washington, by Motel 6.

20  2.3    Venue is proper in King County pursuant to RCW 4.12.020 and RCW 4.12.025.

## III.    THE PARTIES

22  3.1    Plaintiff is the State of Washington.

23  3.2    The Attorney General is authorized to commence this action pursuant to

24  RCW 43.10.030(1) and RCW 19.86.080(1).

25

26

COMPLAINT                                    2                ATTORNEY GENERAL OF WASHINGTON
                                                                       Civil Rights Unit
                                                                   800 Fifth Avenue, Suite 2000
                                                                      Seattle, WA  98104
                                                                        (206) 442-4492

3.3     Defendant Motel 6 is a for-profit corporation doing business at various locations throughout the State of Washington, including at least two (2) motels located in King County and at least twenty-four (24) other locations throughout the State.

3.4     Motel 6 engages in trade or commerce within the meaning of RCW 19.86.010(2).

3.5     Motel 6's motels are "place[s] of public resort, accommodation, assemblage, or amusement" within the meaning of RCW 49.60.040(2).

## IV.     FACTUAL ALLEGATIONS

4.1     Motel 6 owns and operates over 1,200 motels, with more than 105,000 rooms, in the United States and Canada.

4.2     Since at least 2015, Motel 6 has had a policy or practice of providing to ICE agents, upon their request, the list of guests staying at Motel 6 the day of the agents' visit. The guest lists included some or all of the following information for each guest: room number, name, names of additional guests, guest identification number, date of birth, driver's license number, and license plate number.

4.3     ICE's usual practice was to come to Motel 6's reception desk and request the guest list from the receptionist. The receptionist would print out the guest list and give it to the ICE agent, along with a "law enforcement acknowledgment form" for the agent to sign, acknowledging receipt of the guest list. The ICE agent would review the guest list and identify individuals of interest to ICE. Motel 6 staff observed ICE identify guests of interest to ICE, including by circling guests with Latino-sounding names.

4.4     On a number of occasions after reviewing the guest list, ICE agents arrested or detained Motel 6 guests.

4.5     Motel 6 trained its new employees to follow the practice described above to provide guest lists to ICE agents upon request, without requiring the agents to show any reasonable suspicion, probable cause, or search warrant for the guest registry information.

COMPLAINT

3

4.6     During the period between 2015 and 2017, Motel 6 engaged in the practice of providing guest lists to ICE agents upon request at at least six (6) of its Washington locations: Bellingham, Everett North, Everett South, Seattle South, SeaTac,, and Tacoma South.

4.7     For the period between June 17, 2015, to May 14, 2017, Motel 6 disclosed the personal information of at least 9,151 of its Washington guests to ICE.

4.8     Motel 6 engaged in the policy or practice of providing guest lists to ICE agents upon request at motel locations in other states, including in Phoenix, Arizona.

4.9     Motel 6 has previously engaged in a policy or practice of providing guest lists to other law enforcement entities on a routine or daily basis, including in Rhode Island.

4.10    In no case were guests informed that their presence at the motel and personal information would be provided to ICE or another law enforcement agency upon request.

4.11    Motel 6's privacy policy, as set forth on its website (https://www.motel6.com/en/faq.html), states that Motel 6 is "committed to safeguarding the privacy of the personal information that we gather." The policy also states: "From time to time, we may disclose your personal information. We will always endeavor to make that disclosure in accordance with applicable law."

4.12    Motel 6's privacy policy also states that Motel 6 may disclose guest registry information to law enforcement agencies pursuant to a court order or in compliance with any applicable law, regulation, rule, or ordinance.

4.13    Under Article 1, § 7 of the Washington Constitution, motel guest registry information constitutes a private affair protected from disclosure without probable cause. Motel 6 guests in Washington have a reasonable expectation of privacy that their guest registry information will not be disclosed to ICE without probable cause.

4.14    Motel 6 guests in Washington also have a common law right to the privacy of their guest registry information.

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

4.15     Motel 6's actions of disclosing the private guest registry information of its guests, in violation of the public policy of the State of Washington and its own privacy policy, constitute unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of the CPA.

4.16     Motel 6's actions of disclosing private guest registry information affects the public interest.

4.17     Motel 6, by voluntarily disclosing its private guest registry information to ICE agents with the knowledge that ICE was requesting the guest registry information for the purpose of discovering and investigating guests on the basis of national origin, including guests with Latino-sounding names, discriminated against such guests on the basis of national origin, in violation of RCW 49.60.030(1)(b) and 49.60.215(1).

4.18     The national origin of the motel guests was a substantial factor in causing the discrimination.

## V.     CAUSES OF ACTION

5.1     Plaintiff realleges paragraphs 1.1 through 4.18 and incorporates them herein as if set forth in full.

### FIRST CAUSE OF ACTION
### (Consumer Protection Act)

5.2     Unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful under the Consumer Protection Act.

5.3     Motel 6 has committed unfair acts and practices in the conduct of trade or commerce, in violation of RCW 19.86.020, by violating its guests' right to privacy.

5.4     Motel 6's actions of disclosing its guests' private information in violation of its guests' right to privacy are not reasonable in relation to the development and preservation of business and are inconsistent with the public interest.

### SECOND CAUSE OF ACTION
### (Consumer Protection Act)

COMPLAINT                                    5

5.5    Unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful under the Consumer Protection Act.

5.6    Motel 6 has committed deceptive acts and practices in the conduct of trade or commerce, in violation of RCW 19.86.020, by disclosing its guests' private information in violation of its own privacy policy and/or misrepresenting its privacy policy to guests and prospective guests.

5.7    Motel 6's actions of disclosing its guests' private information in violation of its own privacy policy and/or misrepresenting its privacy policy are not reasonable in relation to the development and preservation of business and are inconsistent with the public interest.

### THIRD CAUSE OF ACTION
**(Consumer Protection Act)**

5.8    A violation of the Washington Law Against Discrimination that occurs in trade or commerce is a per se violation of the Consumer Protection Act. RCW 49.60.030(3). By the actions described above, Motel 6 has committed unfair and deceptive acts and practices that violate the Washington Law Against Discrimination, constituting a per se violation of the Consumer Protection Act.

5.9    Motel 6's actions of voluntarily disclosing its private guest registry information to ICE agents with the knowledge that ICE was requesting the guest registry information for the purpose of discovering and investigating guests on the basis of national origin, including guests with Latino-sounding names, are not reasonable in relation to the development and preservation of business and are inconsistent with the public interest.

### FOURTH CAUSE OF ACTION
**(National Origin Discrimination in a Place of Public Accommodation)**

5.10    Under the Washington Law Against Discrimination, it is an unfair practice for a place of public accommodation to discriminate on the basis of national origin by denying the full enjoyment of the advantages, facilities, or privileges of a place of pubic resort, accommodation, assemblage, or amusement.

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

5.11    By the actions described above, Motel 6 has discriminated in a place of public accommodation on the basis of national origin, in violation of RCW 49.60.030(1)(b).

## FIFTH CAUSE OF ACTION
### (National Origin Discrimination in a Place of Public Accommodation)

5.12    Under the Washington Law Against Discrimination, it is an unfair practice for a place of public accommodation to discriminate on the basis of national origin by directly or indirectly distinguishing, restricting, discriminating, requiring payment of a larger rate, or refusing or withholding admission, patronage, custom, presence, frequenting, dwelling, staying, or lodging at a place of public resort, accommodation, assemblage, or amusement.

5.13    By the actions described above, Motel 6 has discriminated in a place of public accommodation on the basis of national origin, in violation of RCW 49.60.215(1).

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, State of Washington, prays that the Court:

6.1    Adjudge and decree that Motel 6 has engaged in the conduct complained of herein.

6.2    Adjudge and decree that Motel 6's conduct violates the Washington Consumer Protection Act, RCW 19.86.020 and RCW 49.60.030(3).

6.3    Adjudge and decree that Motel 6's conduct violates the Washington Law Against Discrimination, RCW 49.60.030(1)(b) and RCW 49.60.215.

6.4    Issue a permanent injunction enjoining and restraining Motel 6, and its representatives, successors, assigns, officers, agents, servants, employees, and all other persons acting or claiming to act for, on behalf of, or in active concert or participation with Motel 6, from continuing or engaging in the unlawful conduct complained of herein.

6.5    Impose a civil penalty in an amount to be determined for violations of the Consumer Protection Act pursuant to RCW 19.86.140.

COMPLAINT                                   7                    ATTORNEY GENERAL OF WASHINGTON
                                                                        Civil Rights Unit
                                                                    800 Fifth Avenue, Suite 2000
                                                                       Seattle, WA  98104
                                                                        (206) 442-4492

1    6.6    Make such orders pursuant to RCW 19.86.090 and RCW 49.60.030(2) to provide

2    that Plaintiff, State of Washington, recover from Motel 6 the costs of this action, including

3    reasonable attorney's fees.

4    6.7    Award such other relief as the Court may deem just and proper.

8    DATED this 3rd day of January, 2018.

10    ROBERT W. FERGUSON
      Attorney General

13    MITCHELL A. RIESE, WSBA #11947
      Assistant Attorney General
      Attorney for Plaintiff State of Washington
14    800 5th Avenue, Suite 2000
      Seattle, WA 98104-3188
15    206-464-7744
16    mitchellr@atg.wa.gov

COMPLAINT                                8                ATTORNEY GENERAL OF WASHINGTON
                                                                    Civil Rights Unit
                                                               800 Fifth Avenue, Suite 2000
                                                                  Seattle, WA  98104
                                                                   (206) 442-4492

**FILED**

18 JAN 03 AM 9:28

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-00283-4 SEA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| State of Washington | NO.    18-2-00283-4 SEA |
| Plaintiff(s), | ORDER SETTING CIVIL CASE SCHEDULE |
| vs. | |
| | ASSIGNED JUDGE:  Lum, Dean S., Dept. 12 |
| Motel 6 Operating L.P. | |
| Respondent(s) | FILED DATE: 1/3/2018 |
| | TRIAL DATE: 12/31/2018 |
| | SCOMIS CODE:  *ORSCS |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the ***Summons and Complaint/Petition.*** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**"I understand that I am required to give a copy of these documents to all parties in this case."**

| | |
|---|---|
| PRINT NAME | SIGN NAME |

## I. NOTICES  (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 1/3/2018 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR2.1(a) and Notices on page 2]. **$220 Arbitration fee must be paid** | 6/13/2018 |
| √ | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on page 2] | 6/13/2018 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)] | 6/27/2018 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(k)] | 7/30/2018 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [KCLCR 26(k)] | 9/10/2018 |
| | **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)] | 9/24/2018 |
| | **DEADLINE** for Change in Trial Date [See KCLCR 40(e)(2)] | 9/24/2018 |
| | **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)] | 11/13/2018 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR16(b)] | 12/3/2018 |
| | **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)] | 12/10/2018 |
| √ | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 12/10/2018 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56;CR56] | 12/17/2018 |
| √ | Joint Statement of Evidence [See KCLCR 4(k)] | 12/24/2018 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusion of Law with the Clerk) | 12/24/2018 |
| | Trial Date [See KCLCR 40] | 12/31/2018 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:   1/3/2018

_____
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**   If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**   Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:**   Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

## MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:**   All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:**   These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the

Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court.** Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS  OF THIS ORDER MAY RESULT IN DISMISSAL  OR OTHER  SANCTIONS.  PLAINTIFF/PEITITONER  SHALL FORWARD A COPY OF THIS ORDER AS SOON  AS PRACTICABLE TO ANY PARTY WHO HAS NOT  RECEIVED THIS ORDER.*

**PRESIDING JUDGE**

FILED

18 JAN 03 AM 9:28

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-00283-4 SEA

## SUPERIOR COURT OF WASHINGTON
## COUNTY OF KING

| | |
|---|---|
| State of Washington | NO.  18-2-00283-4 SEA |
| VS | |
| Motel 6 Operating L.P. | CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

### CAUSE OF ACTION

**(INJ) -**        INJUNCTION (INJ 2)

### AREA DESIGNATION

**SEATTLE -**   Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

FILED

18 JAN 03 AM 9:28

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-00283-4 SEA

**STATE OF WASHINGTON**
**KING COUNTY SUPERIOR COURT**

| | |
|---|---|
| STATE OF WASHINGTON, | NO. |
| Plaintiff, | |
| v. | SUMMONS |
| MOTEL 6 OPERATING L.P., | |
| Defendant. | |

**TO THE DEFENDANT: Motel 6 Operating L.P.**

A lawsuit has been started against you in King County Superior Court by the State of Washington, Plaintiff. The Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the undersigned attorney for the Plaintiff within twenty (20) days after the service of this Summons; or if served outside the State of Washington, within sixty (60) days after service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice.  A default judgment is one where the Plaintiff is entitled to what it asks for because you have not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

SUMMONS                                      1                    ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

1      You may demand that the Plaintiff file this lawsuit with the court.  If you do so, the

2  demand must be in writing and must be served upon the person signing this Summons.  Within

3  fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the Court,

4  or the service on you of this Summons and Complaint will be void.

5      If you wish to seek the advice of an attorney in this matter, you should do so promptly so

6  that your written response, if any, may be served on time.

7      This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

8  of Washington.

9      DATED this 3rd day of January, 2018.

10               ROBERT W. FERGUSON
                   Attorney General

11

12

13               MITCHELL A. RIESE, WSBA #11947
                   Assistant Attorney General

14               Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

SUMMONS                2           ATTORNEY GENERAL OF WASHINGTON
                                        Civil Rights Unit
                                800 Fifth Avenue, Suite 2000
                                   Seattle, WA  98104
                                    (206) 442-4492



FILED

18 JAN 12 PM 2:48

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

## IN THE SUPERIOR COURT IN THE STATE OF WASHINGTON - IN AND FOR THE COUNTY OF KING

**STATE OF WASHINGTON**

vs.                                                    **Case No.: 18-2-00283-4 SEA**

**MOTEL 6 OPERATING L.P.**                             **DECLARATION OF SERVICE**



_____/

STATE OF WASHINGTON
COUNTY OF KING        ss.

The undersigned, being first duly sworn on oath deposes and says: That he/she is now and at all times herein mentioned was a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above entitled action and competent to be a witness therein.

That on **01/10/2018** at **12:00 PM**, at the address of **300 Deschutes Way SW Ste 304, Tumwater,** within **THURSTON** County, WA, the undersigned duly served the following document(s): **Summons; Complaint for Declaratory, Injunctive and Other Relief Under the Consumer Protection Act and the Washington Law Against Discrimination; Order Setting Civil Case Schedule;** in the above entitled action upon **Motel 6 Operating L.P,** by then and there personally delivering 1 true and correct copy(ies) of the above documents into the hands of and leaving same with **Caroline Little, United States Coporation Company** who is authorized to accept service on behalf of the above.
**Desc: Sex: Female** - Skin/Race: **White** - Hair: **Brown** - Age: **40s** - Height: **5'4"** - Weight: **125**

**I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct:**

Date: _1/10/18_                          X _____
                                         **Keith Worthington**
                                         Registered Process Server
**TOTAL:**              **$78.28**       License#: **1720101**
                                         Pacific Coast Attorney Services
                                         15215 52nd Ave S #202
                                         Seattle, WA 98188
                                         206.652.2692

*474091*

1

The Honorable Dean Lum

2

3

4

5

6

7

**STATE OF WASHINGTON**
**KING COUNTY SUPERIOR COURT**

8

STATE OF WASHINGTON,

NO.  18-2-00283-4 SEA

9

Plaintiff,

10

v.

SUMMONS

11

12

MOTEL 6 OPERATING L.P., and G6
HOSPITALITY LLC,

13

Defendants.

14

15

**TO THE DEFENDANT: G6 HOSPITALITY LLC**

16

A lawsuit has been started against you in King County Superior Court by the State of

17

Washington, Plaintiff. The Plaintiff's claims are stated in the written Complaint, a copy of which

18

is served upon you with this Summons.

19

In order to defend against this lawsuit, you must respond to the Complaint by stating your

20

defense in writing, and by serving a copy upon the undersigned attorney for the Plaintiff within

21

twenty (20) days after the service of this Summons; or if served outside the State of Washington,

22

within sixty (60) days after service of this Summons, excluding the day of service, or a default

23

judgment may be entered against you without notice. A default judgment is one where the

24

Plaintiff is entitled to what it asks for because you have not responded. If you serve a notice of

25

appearance on the undersigned person, you are entitled to notice before a default judgment may

26

be entered.

SUMMONS

1

1   You may demand that the Plaintiff file this lawsuit with the court.  If you do so, the

2   demand must be in writing and must be served upon the person signing this Summons.  Within

3   fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the Court,

4   or the service on you of this Summons and Complaint will be void.

5   If you wish to seek the advice of an attorney in this matter, you should do so promptly so

6   that your written response, if any, may be served on time.

7   This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

8   of Washington.

9   DATED this 2nd day of February, 2018.

10                                          ROBERT W. FERGUSON
                                            Attorney General

11
                                            /s/ Mitchell A. Riese
12                                          MITCHELL A. RIESE, WSBA #11947
                                            ANDREA BRENNEKE, WSBA #22027
13                                          Assistant Attorneys General
                                            Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

The Honorable Dean S. Lum

**STATE OF WASHINGTON
KING COUNTY SUPERIOR COURT**

STATE OF WASHINGTON,

              Plaintiff,

    v.

MOTEL 6 OPERATING L.P., and G6
HOSPITALITY LLC,

              Defendants.

NO.  18-2-00283-4 SEA

AMENDED COMPLAINT FOR
DECLARATORY, INJUNCTIVE AND
OTHER RELIEF UNDER THE
CONSUMER PROTECTION ACT
AND THE WASHINGTON LAW
AGAINST DISCRIMINATION

The Plaintiff, State of Washington, by and through its attorneys Robert W. Ferguson, Attorney General, and Mitchell A. Riese and Andrea Brenneke, Assistant Attorneys General, files this action against Defendants named below. The State alleges the following on information and belief:

## I.    INTRODUCTION

1.1    This action arises out of the unfair, deceptive, and discriminatory practices of Motel 6 Operating L.P. and G6 Hospitality LLC (hereafter, collectively referred to as "Motel 6"). Motel 6, which operate Motel 6 motels nationwide, including at least eleven (11) corporate-owned and fifteen (15) franchise-owned motels located in the State of Washington, has employed a corporate policy or practice of providing guest registry information, including the

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

guests' personal identifying information, upon request to agents of U.S. Immigration and Customs Enforcement within the Department of Homeland Security ("ICE"). This information was provided on an almost daily basis by some motels without the ICE agents having provided any documentation or evidence of reasonable suspicion, probable cause, or a search warrant for the requested guest registry information. Motel 6 was aware that the ICE agents used the guest registry information to identify and single out guests based on national origin, including guests with Latino-sounding names. ICE would then determine if any of the guests it identified were wanted by ICE in connection with civil immigration matters. On a number of occasions, ICE agents arrested or otherwise detained guests after reviewing Motel 6's guest registry information. Motel 6's actions of providing confidential information regarding its guests violates the Washington Consumer Protection Act, RCW 19.86 ("CPA"), and the Washington Law Against Discrimination, RCW 49.60 ("WLAD"). The State of Washington brings this action to obtain a declaration that Motel 6 violates state law and to seek injunctive and other equitable relief for Motel 6's actions.

## II.    JURISDICTION AND VENUE

2.1     This action is brought by the State of Washington to enforce the CPA's prohibition of unfair or deceptive acts or practices in the conduct of any trade or commerce, RCW 19.86.020, and the WLAD's anti-discrimination protections in places of public accommodation, RCW 49.60.030(1)(b) and RCW 49.60.215.

2.2     The violations alleged in this Complaint were committed in part in King County, Washington, by Motel 6.

2.3     Venue is proper in King County pursuant to RCW 4.12.020 and RCW 4.12.025.

## III.    THE PARTIES

3.1     Plaintiff is the State of Washington.

3.2     The Attorney General is authorized to commence this action pursuant to RCW 43.10.030(1) and RCW 19.86.080(1).

3.3     Defendant Motel 6 Operating L.P. is a for-profit corporation doing business at various locations throughout the State of Washington, including at least two (2) motels located in King County and at least twenty-four (24) other locations throughout the State.

3.4     Defendant G6 Hospitality LLC is a for-profit corporation that owns, operates and franchises Motel 6 motels throughout the United States, including the State of Washington. On the basis of knowledge and belief, G6 Hospitality LLC is the parent company of Motel 6 Operating L.P.

3.5     Motel 6 engages in trade or commerce within the meaning of RCW 19.86.010(2).

3.6     Motel 6's motels are "place[s] of public resort, accommodation, assemblage, or amusement" within the meaning of RCW 49.60.040(2).

## IV.     FACTUAL ALLEGATIONS

4.1     Motel 6 owns and operates over 1,200 motels, with more than 105,000 rooms, in the United States and Canada.

4.2     Since at least 2015, Motel 6 has had a policy or practice of providing to ICE agents, upon their request, the list of guests staying at Motel 6 the day of the agents' visit. The guest lists included some or all of the following information for each guest: room number, name, names of additional guests, guest identification number, date of birth, driver's license number, and license plate number.

4.3     ICE's usual practice was to come to Motel 6's reception desk and request the guest list from the receptionist. The receptionist would print out the guest list and give it to the ICE agent, along with a "law enforcement acknowledgment form" for the agent to sign, acknowledging receipt of the guest list. The ICE agent would review the guest list and identify individuals of interest to ICE. Motel 6 staff observed ICE identify guests of interest to ICE, including by circling guests with Latino-sounding names.

4.4     On a number of occasions after reviewing the guest list, ICE agents arrested or detained Motel 6 guests.

AMENDED COMPLAINT                                        3

4.5     Motel 6 trained its new employees to follow the practice described above to provide guest lists to ICE agents upon request, without requiring the agents to show any reasonable suspicion, probable cause, or search warrant for the guest registry information.

4.6     During the period between 2015 and 2017, Motel 6 engaged in the practice of providing guest lists to ICE agents upon request at least six (6) of its Washington locations: Bellingham, Everett North, Everett South, Seattle South, SeaTac,, and Tacoma South.

4.7     For the period between June 17, 2015, to May 14, 2017, Motel 6 disclosed the personal information of at least 9,151 of its Washington guests to ICE.

4.8     Motel 6 engaged in the policy or practice of providing guest lists to ICE agents upon request at motel locations in other states, including in Phoenix, Arizona.

4.9     Motel 6 has previously engaged in a policy or practice of providing guest lists to other law enforcement entities on a routine or daily basis, including in Rhode Island.

4.10     In no case were guests informed that their presence at the motel and personal information would be provided to ICE or another law enforcement agency upon request.

4.11     Motel 6's privacy policy, as set forth on its website (https://www.motel6.com/en/faq.html), states that Motel 6 is "committed to safeguarding the privacy of the personal information that we gather." The policy also states: "From time to time, we may disclose your personal information. We will always endeavor to make that disclosure in accordance with applicable law."

4.12     Motel 6's privacy policy also states that Motel 6 may disclose guest registry information to law enforcement agencies pursuant to a court order or in compliance with any applicable law, regulation, rule, or ordinance.

4.13     Under Article 1, § 7 of the Washington Constitution, motel guest registry information constitutes a private affair protected from disclosure without probable cause. Motel 6 guests in Washington have a reasonable expectation of privacy that their guest registry information will not be disclosed to ICE without probable cause.

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

4.14     Motel 6 guests in Washington also have a common law right to the privacy of their guest registry information.

4.15     Motel 6's actions of disclosing the private guest registry information of its guests, in violation of the public policy of the State of Washington and its own privacy policy, constitute unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of the CPA.

4.16     Motel 6's actions of disclosing private guest registry information affects the public interest.

4.17     Motel 6, by voluntarily disclosing its private guest registry information to ICE agents with the knowledge that ICE was requesting the guest registry information for the purpose of discovering and investigating guests on the basis of national origin, including guests with Latino-sounding names, discriminated against such guests on the basis of national origin, in violation of RCW 49.60.030(1)(b) and 49.60.215(1).

4.18     The national origin of the motel guests was a substantial factor in causing the discrimination.

## V.     CAUSES OF ACTION

5.1     Plaintiff realleges paragraphs 1.1 through 4.18 and incorporates them herein as if set forth in full.

### FIRST CAUSE OF ACTION
### (Consumer Protection Act)

5.2     Unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful under the Consumer Protection Act.

5.3      Motel 6 has committed unfair acts and practices in the conduct of trade or commerce, in violation of RCW 19.86.020, by violating its guests' right to privacy.

5.4     Motel 6's actions of disclosing its guests' private information in violation of its guests' right to privacy are not reasonable in relation to the development and preservation of business and are inconsistent with the public interest.

**SECOND CAUSE OF ACTION**
**(Consumer Protection Act)**

5.5     Unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful under the Consumer Protection Act.

5.6     Motel 6 has committed deceptive acts and practices in the conduct of trade or commerce, in violation of RCW 19.86.020, by disclosing its guests' private information in violation of its own privacy policy and/or misrepresenting its privacy policy to guests and prospective guests.

5.7     Motel 6's actions of disclosing its guests' private information in violation of its own privacy policy and/or misrepresenting its privacy policy are not reasonable in relation to the development and preservation of business and are inconsistent with the public interest.

**THIRD CAUSE OF ACTION**
**(Consumer Protection Act)**

5.8     A violation of the Washington Law Against Discrimination that occurs in trade or commerce is a per se violation of the Consumer Protection Act. RCW 49.60.030(3). By the actions described above, Motel 6 has committed unfair and deceptive acts and practices that violate the Washington Law Against Discrimination, constituting a per se violation of the Consumer Protection Act.

5.9     Motel 6's actions of voluntarily disclosing its private guest registry information to ICE agents with the knowledge that ICE was requesting the guest registry information for the purpose of discovering and investigating guests on the basis of national origin, including guests with Latino-sounding names, are not reasonable in relation to the development and preservation of business and are inconsistent with the public interest.

**FOURTH CAUSE OF ACTION**
**(National Origin Discrimination in a Place of Public Accommodation)**

5.10     Under the Washington Law Against Discrimination, it is an unfair practice for a place of public accommodation to discriminate on the basis of national origin by denying the full

enjoyment of the advantages, facilities, or privileges of a place of pubic resort, accommodation, assemblage, or amusement.

5.11    By the actions described above, Motel 6 has discriminated in a place of public accommodation on the basis of national origin, in violation of RCW 49.60.030(1)(b).

### FIFTH CAUSE OF ACTION
**(National Origin Discrimination in a Place of Public Accommodation)**

5.12    Under the Washington Law Against Discrimination, it is an unfair practice for a place of public accommodation to discriminate on the basis of national origin by directly or indirectly distinguishing, restricting, discriminating, requiring payment of a larger rate, or refusing or withholding admission, patronage, custom, presence, frequenting, dwelling, staying, or lodging at a place of public resort, accommodation, assemblage, or amusement.

5.13    By the actions described above, Motel 6 has discriminated in a place of public accommodation on the basis of national origin, in violation of RCW 49.60.215(1).

### VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, State of Washington, prays that the Court:

6.1    Adjudge and decree that Motel 6 has engaged in the conduct complained of herein.

6.2    Adjudge and decree that Motel 6's conduct violates the Washington Consumer Protection Act, RCW 19.86.020 and RCW 49.60.030(3).

6.3    Adjudge and decree that Motel 6's conduct violates the Washington Law Against Discrimination, RCW 49.60.030(1)(b) and RCW 49.60.215.

6.4    Issue a permanent injunction enjoining and restraining Motel 6, and its representatives, successors, assigns, officers, agents, servants, employees, and all other persons acting or claiming to act for, on behalf of, or in active concert or participation with Motel 6, from continuing or engaging in the unlawful conduct complained of herein.

6.5     Impose a civil penalty in an amount to be determined for violations of the Consumer Protection Act pursuant to RCW 19.86.140.

6.6     Make such orders pursuant to RCW 19.86.090 and RCW 49.60.030(2) to provide that Plaintiff, State of Washington, recover from Motel 6 the costs of this action, including reasonable attorney's fees.

6.7     Award such other relief as the Court may deem just and proper.

DATED this 2nd day of February, 2018.

ROBERT W. FERGUSON
Attorney General

/s/ Mitchell A. Riese
MITCHELL A. RIESE, WSBA #11947
ANDREA BRENNEKE, WSBA #22027
Assistant Attorneys General
Attorneys for Plaintiff State of Washington
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744
mitchellr@atg.wa.gov
andreab3@atg.wa.gov

AMENDED COMPLAINT

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

The Honorable Dean S. Lum

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

STATE OF WASHINGTON,

                Plaintiff,

    v.

MOTEL 6 OPERATING L.P., and G6
HOSPITALITY LLC,

                Defendants.

No. 18-2-00283-4 SEA

NOTICE OF APPEARANCE OF
MOTEL 6 OPERATING L.P. and
G6 HOSPITALITY LLC

*Clerk's Action Required*

      PLEASE TAKE NOTICE that Defendants MOTEL 6 OPERATING L.P., and G6

HOSPITALITY LLC, hereby appear in the above-entitled action, and request that all further

papers and pleadings, except original process, be served upon MOTEL 6 OPERATING L.P.,

and G6 HOSPITALITY LLC, by delivering a copy thereof to the undersigned attorneys at the

address below stated.  Defendants MOTEL 6 OPERATING L.P., and G6 HOSPITALITY LLC

reserve and do not waive any defenses or rights, including but not limited to lack of jurisdiction

and improper venue.

/ / / /

/ / / /

NOTICE OF APPEARANCE OF MOTEL 6 OPERATING L.P. and G6
HOSPITALITY LLC - 1
4849-2599-4075v.1 0110856-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    DATED this 6th day of February, 2018.

2                                        Davis Wright Tremaine LLP
                                         Attorneys for Defendants Motel 6 Operating
3                                        L.P. and G6 Hospitality LLC

4
5                                        By s/ Mark N. Bartlett
                                             Mark N. Bartlett, WSBA #15672

6                                        By s/ Ambika K. Doran
7                                            Ambika K. Doran, WSBA #38237

8                                        1201 Third Avenue, Suite 2200
                                         Seattle, WA  98101-3045
9                                        Telephone: (206) 622-3150
                                         Fax: (206) 757-7700
10                                       E-mail: markbartlett@dwt.com
                                         E-mail: ambikadoran@dwt.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF APPEARANCE OF MOTEL 6 OPERATING L.P. and G6
HOSPITALITY LLC - 2
4849-2599-4075v.1 0110856-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

CERTIFICATE OF SERVICE

I hereby certify that I caused the document to which this certificate is attached to be delivered to the following as indicated:

| | | |
|---|---|---|
| Robert W. Ferguson | (  ) | Messenger |
| Attorney General | (  ) | US Mail, postage prepaid |
| Mitchell A. Riese | (  ) | Federal Express |
| Andrea Brenneke | (X) | KCSC ECF Service |
| Assistant Attorneys General | (X) | E-mail: mitchellr@atg.wa.gov |
| Attorneys for State of Washington | | andreab3@atg.wa.gov |
| 800 Fifth Avenue, Suite 2000 | | |
| Seattle, WA  98104-3188 | | |
| Tel: 206-464-7744 | | |

DATED this 6th day of February, 2018.


_s/ Mark N. Bartlett_____
Mark N. Bartlett, WSBA #15672

NOTICE OF APPEARANCE OF MOTEL 6 OPERATING L.P. and G6
HOSPITALITY LLC - 3
4849-2599-4075v.1 0110856-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR
THE COUNTY OF KING

STATE OF WASHINGTON

vs.

MOTEL 6 OPERATING ET ANO

Case No.: 18-2-00283-4 SEA

CERTIFICATE OF E-SERVICE

(AFSR)

I, Mark Bartlett, certify that I initiated electronic service of the following document(s) on the parties listed below who have consented to accept electronic service via the King County eFiling Application.  Service was initiated on February 06, 2018 at 01:41:24 PM.

Document(s):

1.  NOTICE OF APPEARANCE OF DEFENDANTS MOTEL 6 & G6

Parties:

1.  Mitchell Riese, Petitioner/Plaintiff
    email: mitchellr@atg.wa.gov

Executed this 6th day of February, 2018.

s/ Mark Bartlett
WSBA #:    15672
1201 Third Avenue
Suite 2200
Seattle, WA 98101
(206) 757-8298

CERTIFICATE OF E-SERVICE - 1

**STATE OF WASHINGTON**
**KING COUNTY SUPERIOR COURT**

| | |
|---|---|
| STATE OF WASHINGTON, | NO. 18-2-00283-4 SEA |
| Plaintiff, | |
| v. | ACCEPTANCE OF SERVICE OF SUMMONS AND AMENDED COMPLAINT |
| MOTEL 6 OPERATING L.P., and G6 HOSPITALITY LLC, | |
| Defendants. | |

I, Mark N. Bartlett, hereby acknowledge receipt and service of the Summons and Amended Complaint in the above-captioned cause on February 6th, 2018. I am authorized to and do accept personal service of the Summons and Amended Complaint in this matter on behalf of G6 Hospitality LLC.

DATED this 6t day of February, 2018.

DAVIS WRIGHT TREMAINE LLP

MARK N. BARTLETT, WSBA # 15672
Attorney for Defendant G6 Hospitality LLC

ACCEPTANCE OF SERVICE                    1                    ATTORNEY GENERAL OF WASHINGTON
                                                              Civil Rights Unit
                                                              800 Fifth Avenue, Suite 2000
                                                              Seattle, WA 98104-3188
                                                              (206) 464-7744

**FILED**

18 FEB 08 PM 1:28

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-00283-4 SEA

SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR
THE COUNTY OF KING

| | |
|---|---|
| STATE OF WASHINGTON | Case No.: 18-2-00283-4 SEA |
| vs. | CERTIFICATE OF E-SERVICE |
| MOTEL 6 OPERATING ET ANO | (AFSR) |

I, Mark Bartlett, certify that I initiated electronic service of the following document(s) on the parties listed below who have consented to accept electronic service via the King County eFiling Application.  Service was initiated on February 08, 2018 at 01:27:19 PM.

Document(s):

1. MOTION  OF RE LIMITED ADMISSION PRO HAC VICE
2. NOTICE OF HEARING
3. MOTION  OF RE LIMITED ADMISSION PRO HAC VICE
4. NOTICE OF HEARING
5. Proposed Order - DeSanctis
6. Proposed Order - Kadzik

Parties:

1. Mark Bartlett, Attorney for Respondent/Defendant
   email: markbartlett@dwt.com
2. Mitchell Riese, Petitioner/Plaintiff
   email: mitchellr@atg.wa.gov

Executed this 8th day of February, 2018.

s/ Mark Bartlett
WSBA #:    15672
1201 Third Avenue
Suite 2200
Seattle, WA 98101
(206) 757-8298
markbartlett@dwt.com

CERTIFICATE OF E-SERVICE - 1

1
2
3
4
5
6
7

The Honorable Dean S. Lum
Noted for Consideration: February 20, 2018
Without oral argument

8      SUPERIOR COURT OF THE STATE OF WASHINGTON
9                        KING COUNTY

10   STATE OF WASHINGTON,

11                      Plaintiff,                    No. 18-2-00283-4 SEA

12        v.                                          MOTION FOR LIMITED
13                                                    ADMISSION PURSUANT TO
     MOTEL 6 OPERATING L.P., and G6                   APR 8(b)
14   HOSPITALITY LLC,                                 (PRO HAC VICE)
15                                                    AND ORDER
                     Defendants.
16

17                    **I.    RELIEF REQUESTED**

18        The Moving Party named below moves the court for the limited admission of the

19   Applicant for the purpose of appearing as a lawyer in this proceeding.

20
21        **Identity of Moving Party** (Washington State Bar Association Member):

22        Name: Mark N. Bartlett_____       WSBA No. 15672_____

23        Address: 1201 Third Avenue, Suite 2200  Seattle, WA  98101-3045_____

24        Telephone No. (206) 622-3150_____  Email: markbartlett@dwt.com_____

25
26
27

MOTION FOR LIMITED ADMISSION PURSUANT TO APR 8(b)
(PRO HAC VICE) - 1
4843-9534-8315v.1 0110856-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**Identity of Applicant for Limited Admission:**

Name: <u>Michael B. DeSanctis</u>          Bar No. <u>460961</u>

Jurisdiction of Primary Practice: <u>District of Columbia</u>

Address: <u>1155 F Street, NW, Washington, DC  20004</u>

Telephone No. <u>(202) 220-1100</u>      Email: <u>michael.desanctis@mto.com</u>

## II.      STATEMENT OF FACT

Michael B. DeSanctis, an attorney at Munger Tolles & Olson LLP, requests limited admission pro hac vice to the bar of this court for the purpose of representing the Defendants in this proceeding.  Mr. DeSanctis is a member in good standing of the bar of the District of Columbia and has complied with all of the requirements of APR 8(b).  Mark N. Bartlett, a partner at Davis Wright Tremaine LLP, is a member in good standing of the Washington State Bar Association and will serve as local counsel of record in this matter.

## III.      STATEMENT OF ISSUE

The following issue is presented for resolution by the Court:

Should the Applicant for Limited Admission named above be granted limited admission to the practice of law pursuant to APR 8(b) for the purpose of appearing as a lawyer in this proceeding?

## IV.      EVIDENCE RELIED UPON

This motion is based on the accompanying certification of the Moving Party and the Applicant for Limited Admission.

## V.      LEGAL AUTHORITY

This motion is made pursuant to Rule 8(b) of the Admission to Practice Rules (APR).

////

////

MOTION FOR LIMITED ADMISSION PURSUANT TO APR 8(b)
(PRO HAC VICE) - 2
4843-9534-8315v.1 0110856-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## VI.   PROPOSED ORDER

A proposed order granting the relief requested accompanies this motion.

RESPECTFULLY SUBMITTED this 8th day of February, 2018.

Mark N. Bartlett, WSBA #15672
Moving Party

## CERTIFICATION OF APPLICANT FOR LIMITED ADMISSION

I hereby certify under penalty of perjury under the laws of the State of Washington that:

1.   I am a member in good standing of the bar of the state or territory of the United States or of the District of Columbia listed above as my jurisdiction of primary practice.

2.   I have read the Rules of Professional Conduct adopted by the Supreme Court of the State of Washington and agree to abide by them.

3.   I have complied with all of the requirements of APR 8(b).

4.   I have read the foregoing motion and certification and the statements contained in it are full, true and correct.

Signed on 2/7/18 at Los Angeles County, CA

Applicant for Limited Admission

## CERTIFICATION OF MOVING PARTY/WSBA MEMBER

I hereby certify under penalty of perjury under the laws of the State of Washington that:

1.   I am an active member in good standing of the Washington State Bar Association.

2.   I will be the lawyer of record in this proceeding, responsible for the conduct of the applicant, and present at proceedings in this matter unless excused by the court.

MOTION FOR LIMITED ADMISSION PURSUANT TO APR 8(b)
(PRO HAC VICE) - 3
4843-9534-8315v.1 0110856-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

3.   I have submitted a copy of this motion together with the required fee of $479 to the Washington State Bar Association, 1325 4th Ave., Ste. 600, Seattle, WA 98101-2539.

4.   I have complied with all of the requirements of APR 8(b).

5.   I have read the foregoing motion and certification and the statements contained in it are full, true and correct.

Signed this 8th day of February, 2018, at Seattle, Washington.

Mark N. Bartlett, WSBA #15672
Moving Party

MOTION FOR LIMITED ADMISSION PURSUANT TO APR 8(b)
(PRO HAC VICE) - 4
4843-9534-8315v.1 0110856-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that I caused the document to which this certificate is attached to be

3 delivered to the following as indicated:

4

5   Robert W. Ferguson              ( )    Messenger
    Attorney General               ( )    US Mail, postage prepaid
6   Mitchell A. Riese              ( )    Federal Express
    Andrea Brenneke                (X)    KCSC ECF Service
7   Assistant Attorneys General    (X)    E-mail: mitchellr@atg.wa.gov
    Attorneys for State of Washington              andreab3@atg.wa.gov
8   800 Fifth Avenue, Suite 2000
    Seattle, WA  98104-3188
9   Tel: 206-464-7744

10

11        DATED this 8th day of February, 2018.

12

13

14                                      Mark N. Bartlett, WSBA #15672

15

16

17

18

19

20

21

22

23

24

25

26

27

MOTION FOR LIMITED ADMISSION PURSUANT TO APR 8(b)
(PRO HAC VICE) - 5
4843-9534-8315v.1 0110856-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1
2
3
4
5
6
7

The Honorable Dean S. Lum
Noted for Consideration: February 20, 2018
Without oral argument

8

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

9

10
11
12
13
14
15
16

STATE OF WASHINGTON,

Plaintiff,

v.

MOTEL 6 OPERATING L.P., and G6
HOSPITALITY LLC,

Defendants.

No. 18-2-00283-4 SEA

[PROPOSED] ORDER
GRANTING MOTION FOR
LIMITED ADMISSION
PURSUANT TO APR 8(b)

17

## I.   BASIS

18   A Motion For Limited Admission Pursuant To APR(8)(b) (PRO HAC VICE) and the

19   attached Certification of Application for Limited Admission and Certificate of Moving Party

20   (WSBA Member) has been presented by Mark N. Bartlett.

21

## II.   FINDINGS

22   1.   Michael B. DeSanctis qualifies for Pro Hac Vice Admission and has complied

23   with all of the requirements of APR (8)(b);

24   2.   Mark N. Bartlett, an active member in good standing of the Washington State

25   Bar Association, will be the lawyer of record in this proceeding, will be responsible for the

26   conduct of Mr. DeSanctis and present at proceedings in this matter unless excused by the

27   Court.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    3.    Mark N. Bartlett has provided evidence establishing that he has submitted a

2    copy of the motion and the required fee to the Washington State Bar Association.

3                                    **III.    ORDER**

4            It is hereby ORDERED that Michael D. DeSanctis is admitted to practice as a lawyer in

5    this proceeding pursuant to APR 8(b).  Mark N. Bartlett, an active member in good standing of

6    the Washington State Bar Association, will be the lawyer of record in this proceeding, will be

7    responsible for the conduct of Mr. DeSanctis and present at proceedings in this matter unless

8    excused by the Court.

9            DATED: _____.

10

11                                            _____

12                                            Judge/Commissioner/Clerk

13   *Presented by*:

14   Davis Wright Tremaine LLP
     Attorneys for Defendants Motel 6 Operating L.P.
15   and G6 Hospitality LLC

16

17   By _____

18       Mark N. Bartlett, WSBA #15672
         Ambika K. Doran, WSBA #38237
19
         1201 Third Avenue, Suite 2200
20       Seattle, WA  98101-3045
         Telephone: (206) 622-3150
21       Fax: (206) 757-7700
         E-mail: markbartlett@dwt.com
22       E-mail: ambikadoran@dwt.com

23

24

25

26

27

The Honorable Dean Lum
Noted for Consideration: February 20, 2018
Without Oral Argument

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| STATE OF WASHINGTON,<br>                              Plaintiff,<br><br>vs.<br><br>MOTEL 6 OPERATING L.P., and G6 HOSPITALITY LLC,<br>                              Defendants. | **CASE NO.  18-2-00283-4 SEA**<br>**NOTICE OF COURT DATE (Judges)**<br>**(NOTICE FOR HEARING)**<br>**SEATTLE COURTHOUSE ONLY**<br>(Clerk's Action Required)    (NTHG) |

TO:     **THE CLERK OF THE COURT** and to all other parties per list on Page 2:
        **PLEASE TAKE NOTICE** that an issue of law in this case will be heard on the date below and the Clerk is
        directed to note this issue on the calendar checked below.

**Calendar Date**: February 20, 2018                  **Day of Week**: Tuesday
**Nature of Motion**: Motion for Limited Admission (Pro Hac Vice) – Michael B. DeSanctis

| **CASES ASSIGNED TO INDIVIDUAL JUDGES – SEATTLE** |
|---|
| If oral argument on the motion is allowed (LCR 7(b)(2)), contact staff of assigned judge to schedule date and time before filing this notice.  **Working Papers**: The judge's name, date and time of hearing <u>must</u> be noted in the upper right corner of the Judge's copy.   **Deliver Judge's copies to Judges' Mailroom at C203** |
| [X]  Without oral argument (Mon - Fri) |
| [ ] With oral argument Hearing              Date/Time:February 20, 2018 |
|     Judge's Name: Dean Lum              Trial Date: December 31, 2018 |
| **CHIEF CRIMINAL DEPARTMENT – SEATTLE (E1201)** |
| [ ] Bond Forfeiture  3:15 pm, 2nd Thursday of each month |
| [ ] Extraordinary Writs from criminal or infraction (Show Cause Hearing) LCR 98.40(d)    3:00 p.m. Mon-Thurs. |
| [ ] Certificates of Rehabilitation- Weapon Possession (**Convictions from Limited Jurisdiction Courts**) 3:30 First Tues of each month |
| **CHIEF CIVIL DEPARTMENT – SEATTLE (Please report to W325 courtroom 2 for assignment)** |
| *Deliver working copies to Judges' Mailroom, Room C203*.  In upper right corner of papers write "Chief Civil Department" or judge's name and date of hearing |
| [ ] Extraordinary Writs (Show Cause Hearing) (LCR 98.40)  1:30 p.m. **Thurs/Fri** -report to Room W719 |
| [ ] Supplemental Proceedings/ Judicial Subpoenas   (1:30 pm **Thurs/Fri**)(LCR 69) |
| [ ] Motions to Consolidate with multiple judges assigned (LCR 40(a)(4) (without oral argument) M-F |
| [ ] Structured Settlements   (1:30 pm **Thurs/Fri**)(LCR 40(2)(S)) |
| **Non-Assigned Cases:** |
| [ ] Non-Dispositive Motions M-F (without oral argument). |
| [ ] Dispositive Motions and Revisions (1:30 pm **Thurs/Fri**). |
| [ ] Certificates of Rehabilitation (**Employment**) 1:30 pm Thurs/Fri (LR 40(a)(2)(B)) |

**You may list an address that is not your residential address where you agree to accept legal documents.**

Sign: *s/ Mark N. Bartlett*                              Print/Type Name: Mark N. Bartlett
WSBA # 15672 (if attorney)                         Attorney for: Defendants
Address: 1201 Third Ave., Suite 2200           City, State, Zip Seattle, WA  98101-3045
Telephone: 206.622.3150                            Email Address: markbartlett@dwt.com          Date: 2/8/2018

The Honorable Dean Lum
Noted for Consideration: February 20, 2018
Without Oral Argument

## DO NOT USE THIS FORM FOR FAMILY LAW OR EX PARTE MOTIONS.

| LIST NAMES AND SERVICE ADDRESSES FOR ALL NECESSARY PARTIES REQUIRING NOTICE |
| --- |

Robert W. Ferguson
Attorney General
Mitchell A. Riese
Andrea Brenneke
Assistant Attorneys General
Attorneys for State of Washington
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
Tel: 206-464-7744
mitchellr@atg.wa.gov
andreab3@atg.wa.gov

## IMPORTANT NOTICE REGARDING CASES

Party requesting hearing must file motion & affidavits separately along with this notice.  List the names, addresses and telephone numbers of all parties requiring notice (including GAL) on this page.  Serve a copy of this notice, with motion documents, on all parties.

The original must be filed at the Clerk's Office not less than **six** court days prior to requested hearing date, except for Summary Judgment Motions (to be filed with Clerk 28 days in advance).

THIS IS ONLY A PARTIAL SUMMARY OF THE LOCAL RULES AND ALL PARTIES ARE ADVISED TO CONSULT WITH AN ATTORNEY.

The SEATTLE COURTHOUSE is in Seattle, Washington at 516 Third Avenue.  The Clerk's Office is on the sixth floor, room E609.  The Judges' Mailroom is Room C203.

1

2

3

4

5

6

7

8

9

The Honorable Dean S. Lum
Noted for Consideration:  February 20, 2018
Without oral argument

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                    Plaintiff,<br><br>     v.<br><br>MOTEL 6 OPERATING L.P., and G6<br>HOSPITALITY LLC,<br><br>                 Defendants. | No. 18-2-00283-4 SEA<br><br>MOTION FOR LIMITED<br>ADMISSION PURSUANT TO<br>APR 8(b)<br>(PRO HAC VICE)<br>AND ORDER |

### I.  RELIEF REQUESTED

The Moving Party named below moves the court for the limited admission of the
Applicant for the purpose of appearing as a lawyer in this proceeding.

**Identity of Moving Party** (Washington State Bar Association Member):

Name: _Mark N. Bartlett_____   WSBA No. _15672_____

Address: _1201 Third Avenue, Suite 2200  Seattle, WA  98101-3045_____

Telephone No. _(206) 622-3150_____   Email: _markbartlett@dwt.com_____

MOTION FOR LIMITED ADMISSION PURSUANT TO APR 8(b)
(PRO HAC VICE) - 1
4822-5330-5435v.1 0110856-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**Identity of Applicant for Limited Admission:**

Name: Peter J. Kadzik _____ Bar No. 964007 _____

Jurisdiction of Primary Practice: District of Columbia _____

Address: 600 Massachusetts Avenue NW, Washington, DC  20001 _____

Telephone No. (202) 344-4000 _____ Email: pjkadzik@Venable.com _____

## II.    STATEMENT OF FACT

Peter J. Kadzik, an attorney at Venable LLP, requests limited admission pro hac vice to the bar of this court for the purpose of representing the Defendants in this proceeding.  Mr. Kadzik is a member in good standing of the bar of the District of Columbia and has complied with all of the requirements of APR 8(b).  Mark N. Bartlett, a partner at Davis Wright Tremaine LLP, is a member in good standing of the Washington State Bar Association and will serve as local counsel of record in this matter.

## III.    STATEMENT OF ISSUE

The following issue is presented for resolution by the Court:

Should the Applicant for Limited Admission named above be granted limited admission to the practice of law pursuant to APR 8(b) for the purpose of appearing as a lawyer in this proceeding?

## IV.    EVIDENCE RELIED UPON

This motion is based on the accompanying certification of the Moving Party and the Applicant for Limited Admission.

## V.    LEGAL AUTHORITY

This motion is made pursuant to Rule 8(b) of the Admission to Practice Rules (APR).

////

////

MOTION FOR LIMITED ADMISSION PURSUANT TO APR 8(b)
(PRO HAC VICE) - 2
4822-5330-5435v.1 0110856-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## VI.   PROPOSED ORDER

A proposed order granting the relief requested accompanies this motion.

RESPECTFULLY SUBMITTED this 8ᵗʰ day of February , 2018.

Mark N. Bartlett, WSBA #15672
Moving Party

## CERTIFICATION OF APPLICANT FOR LIMITED ADMISSION

I hereby certify under penalty of perjury under the laws of the State of Washington that:

1.   I am a member in good standing of the bar of the state or territory of the United States or of the District of Columbia listed above as my jurisdiction of primary practice.

2.   I have read the Rules of Professional Conduct adopted by the Supreme Court of the State of Washington and agree to abide by them.

3.   I have complied with all of the requirements of APR 8(b).

4.   I have read the foregoing motion and certification and the statements contained in it are full, true and correct.

Signed on February 7, 2018 at Washington, D.C.

Applicant for Limited Admission

## CERTIFICATION OF MOVING PARTY/WSBA MEMBER

I hereby certify under penalty of perjury under the laws of the State of Washington that:

1.   I am an active member in good standing of the Washington State Bar Association.

2.   I will be the lawyer of record in this proceeding, responsible for the conduct of the applicant, and present at proceedings in this matter unless excused by the court.

MOTION FOR LIMITED ADMISSION PURSUANT TO APR 8(b)
(PRO HAC VICE) - 3
4822-5330-5435v.1 0110856-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

3.  I have submitted a copy of this motion together with the required fee of $479 to the Washington State Bar Association, 1325 4th Ave., Ste. 600, Seattle, WA 98101-2539.

4.  I have complied with all of the requirements of APR 8(b).

5.  I have read the foregoing motion and certification and the statements contained in it are full, true and correct.

Signed on <u>February 8, 2018</u> at <u>Seattle, Washington.</u>

Mark N. Bartlett, WSBA #15672
Moving Party

MOTION FOR LIMITED ADMISSION PURSUANT TO APR 8(b)
(PRO HAC VICE) - 4
4822-5330-5435v.1 0110856-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the document to which this certificate is attached to be delivered to the following as indicated:

| | | |
|---|---|---|
| Robert W. Ferguson | ( ) | Messenger |
| Attorney General | ( ) | US Mail, postage prepaid |
| Mitchell A. Riese | ( ) | Federal Express |
| Andrea Brenneke | (X) | KCSC ECF Service |
| Assistant Attorneys General | (X) | E-mail: mitchellr@atg.wa.gov |
| Attorneys for State of Washington | | andreab3@atg.wa.gov |
| 800 Fifth Avenue, Suite 2000 | | |
| Seattle, WA 98104-3188 | | |
| Tel: 206-464-7744 | | |

DATED this 8th day of February, 2018.

Mark N. Bartlett, WSBA #15672

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

The Honorable Dean S. Lum
Noted for Consideration: February 20, 2018
Without oral argument

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

STATE OF WASHINGTON,

                      Plaintiff,

        v.

MOTEL 6 OPERATING L.P., and G6
HOSPITALITY LLC,

                Defendants.

No. 18-2-00283-4 SEA

[PROPOSED] ORDER
GRANTING MOTION FOR
LIMITED ADMISSION
PURSUANT TO APR 8(b)

## I.    BASIS

A Motion For Limited Admission Pursuant To APR(8)(b) (PRO HAC VICE) and the
attached Certification of Application for Limited Admission and Certificate of Moving Party
(WSBA Member) has been presented by Mark N. Bartlett.

## II.    FINDINGS

1.    Peter J. Kadzik qualifies for Pro Hac Vice Admission and has complied with all
of the requirements of APR (8)(b);

2.    Mark N. Bartlett, an active member in good standing of the Washington State
Bar Association, will be the lawyer of record in this proceeding, will be responsible for the
conduct of Mr. Kadzik and present at proceedings in this matter unless excused by the Court.

[PROPOSED] ORDER GRANTING LIMITED ADMISSION - 1
4820-0983-7659v.1 0110856-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

3.      Mark N. Bartlett has provided evidence establishing that he has submitted a copy of the motion and the required fee to the Washington State Bar Association.

### III.      ORDER

It is hereby ORDERED that Peter J. Kadzik is admitted to practice as a lawyer in this proceeding pursuant to APR 8(b).  Mark N. Bartlett, an active member in good standing of the Washington State Bar Association, will be the lawyer of record in this proceeding, will be responsible for the conduct of Mr. Kadzik and present at proceedings in this matter unless excused by the Court.

DATED: _____.


_____
Judge/Commissioner/Clerk


*Presented by*:

Davis Wright Tremaine LLP
Attorneys for Defendants Motel 6 Operating L.P.
and G6 Hospitality LLC


By _____
    Mark N. Bartlett, WSBA #15672
    Ambika K. Doran, WSBA #38237

    1201 Third Avenue, Suite 2200
    Seattle, WA  98101-3045
    Telephone: (206) 622-3150
    Fax: (206) 757-7700
    E-mail: markbartlett@dwt.com
    E-mail: ambikadoran@dwt.com

[PROPOSED] ORDER GRANTING LIMITED ADMISSION - 2
4820-0983-7659v.1 0110856-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

The Honorable Dean Lum
Noted for Consideration: February 20, 2018
Without Oral Argument

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                              Plaintiff,<br><br>vs.<br><br>MOTEL 6 OPERATING L.P., and G6 HOSPITALITY LLC,<br>                              Defendants. | **CASE NO.  18-2-00283-4 SEA**<br>**NOTICE OF COURT DATE (Judges)**<br>**(NOTICE FOR HEARING)**<br>**SEATTLE COURTHOUSE ONLY**<br>(Clerk's Action Required)    (NTHG) |

**TO:**   **THE CLERK OF THE COURT** and to all other parties per list on Page 2:
       **PLEASE TAKE NOTICE** that an issue of law in this case will be heard on the date below and the Clerk is directed to note this issue on the calendar checked below.

**Calendar Date**: <u>February 20, 2018    </u>                    **Day of Week**: <u>Tuesday              </u>

**Nature of Motion**: <u>Motion for Limited Admission (Pro Hac Vice) – Peter Kadzik</u>

---

**CASES ASSIGNED TO INDIVIDUAL JUDGES – SEATTLE**

If oral argument on the motion is allowed (LCR 7(b)(2)), contact staff of assigned judge to schedule date and time before filing this notice.  **Working Papers**: The <u>judge's name</u>, date and time of hearing <u>must</u> be noted in the upper right corner of the Judge's copy.   **Deliver Judge's copies to Judges' Mailroom at C203**

[X]  Without oral argument (Mon - Fri)

[ ]  With oral argument Hearing            Date/Time: February 20, 2018

      Judge's Name: Dean Lum            Trial Date: December 31, 2018

---

**CHIEF CRIMINAL DEPARTMENT – SEATTLE (E1201)**

[ ] Bond Forfeiture  3:15 pm, 2nd Thursday of each month

[ ] Extraordinary Writs from criminal or infraction (Show Cause Hearing) LCR 98.40(d)    3:00 p.m. Mon-Thurs.

[ ] Certificates of Rehabilitation- Weapon Possession (**Convictions from Limited Jurisdiction Courts**) 3:30 First Tues of each month

---

**CHIEF CIVIL DEPARTMENT – SEATTLE (Please report to W325 courtroom 2 for assignment)**

*Deliver working copies to Judges' Mailroom, Room C203.  In upper right corner of papers write "Chief Civil Department" or judge's name and date of hearing*

[ ] Extraordinary Writs (Show Cause Hearing) (LCR 98.40)  1:30 p.m. **Thurs/Fri** -report to Room W719

[ ] Supplemental Proceedings/ Judicial Subpoenas   (1:30 pm **Thurs/Fri**)(LCR 69)

[ ] Motions to Consolidate with multiple judges assigned (LCR 40(a)(4) (without oral argument) M-F

[ ] Structured Settlements    (1:30 pm **Thurs/Fri**)(LCR 40(2)(S))

---

**Non-Assigned Cases:**

[ ] Non-Dispositive Motions M-F (without oral argument).

[ ] Dispositive Motions and Revisions (1:30 pm **Thurs/Fri**).

[ ] Certificates of Rehabilitation (**Employment**) 1:30 pm Thurs/Fri (LR 40(a)(2)(B))

---

**You may list an address that is not your residential address where you agree to accept legal documents.**

Sign: <u>s/ Mark N. Bartlett        </u>            Print/Type Name: <u>Mark N. Bartlett        </u>

WSBA # <u>15672</u> (if attorney)              Attorney for: <u>Defendants              </u>

Address: <u>1201 Third Ave., Suite 2200    </u>      City, State, Zip <u>Seattle, WA  98101-3045</u>

Telephone: <u>206.622.3150        </u>        Email Address: <u>markbartlett@dwt.com</u>      Date: <u>2/8/2018</u>

**NOTICE OF COURT DATE – SEATTLE COURTHOUSE ONLY**                    Page 1
www.kingcounty.gov/courts/scforms
4845-0684-5788v.1 0110856-000001

The Honorable Dean Lum
Noted for Consideration: February 20, 2018
Without Oral Argument

# DO NOT USE THIS FORM FOR FAMILY LAW OR EX PARTE MOTIONS.

| LIST NAMES AND SERVICE ADDRESSES FOR ALL NECESSARY PARTIES REQUIRING NOTICE |
| --- |

Robert W. Ferguson
Attorney General
Mitchell A. Riese
Andrea Brenneke
Assistant Attorneys General
Attorneys for State of Washington
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
Tel: 206-464-7744
mitchellr@atg.wa.gov
andreab3@atg.wa.gov

## IMPORTANT NOTICE REGARDING CASES

Party requesting hearing must file motion & affidavits separately along with this notice.  List the names, addresses and telephone numbers of all parties requiring notice (including GAL) on this page.  Serve a copy of this notice, with motion documents, on all parties.

The original must be filed at the Clerk's Office not less than **six** court days prior to requested hearing date, except for Summary Judgment Motions (to be filed with Clerk 28 days in advance).

THIS IS ONLY A PARTIAL SUMMARY OF THE LOCAL RULES AND ALL PARTIES ARE ADVISED TO CONSULT WITH AN ATTORNEY.

The SEATTLE COURTHOUSE is in Seattle, Washington at 516 Third Avenue.  The Clerk's Office is on the sixth floor, room E609.  The Judges' Mailroom is Room C203.

FILED

18 FEB 16 PM 1:35

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-00283-4 SEA

The Honorable Dean S. Lum

STATE OF WASHINGTON
KING COUNTY SUPERIOR COURT

STATE OF WASHINGTON,

                            Plaintiff,

        v.

MOTEL 6 OPERATING L.P., and G6
HOSPITALITY LLC,

                            Defendants.

No. 18-2-00283-4 SEA

DEFENDANTS' ANSWER AND
DEFENSES TO AMENDED
COMPLAINT

        Defendants Motel 6 Operating L.P. ("Motel 6") and G6 Hospitality LLC ("G6")

(collectively, "Defendants")[1] file this answer to Plaintiff State of Washington's Amended

Complaint.  To the extent Defendants do not specifically admit any allegation, they deny the

allegation.  Defendants answer the corresponding numbered paragraphs below.

**INTRODUCTION TO ANSWER**

        The security and safety of its guests and employees is of utmost importance to

Defendants, as is protecting the privacy of their guests.  That is why in September 2017

Defendants announced publicly that they would direct their properties in Washington State and

nationwide that they are prohibited from voluntarily providing daily guest lists to Department of

Homeland Security, U.S. Immigration and Customs Enforcement ("DHS/ICE") absent

compulsory process, including a subpoena or warrant, or truly extenuating circumstances, such

_____

[1] G6 owns and operates corporate-owned motels in the State of Washington.  Motel 6 does not.

DEFENDANTS' ANSWER AND DEFENSES - 1
4824-1527-1773v.2 0110856-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

as an imminent threat to public, employee or guest safety.[2]  This policy change was reiterated to properties in January 2018.  Now, the State of Washington claims that a private citizen or business can be held liable for failing to correctly evaluate the lawfulness of a request from law enforcement before responding.  Law enforcement, not private citizens, is responsible for ensuring its actions are lawful.  Defendants believe that the updated policy strikes the appropriate balance between ensuring public safety and protecting the privacy of its guests, and that the State's lawsuit is meritless.

## I.    INTRODUCTION TO COMPLAINT

1.1     This action arises out of the unfair, deceptive, and discriminatory practices of Motel 6 Operating L.P. (and G6 Hospitality LLC (hereinafter, collectively referred to as "Motel 6")).  Motel 6, which operates Motel 6 motels nationwide, including at least eleven (11) corporate-owned and fifteen (15) franchise-owned motels located in the State of Washington, has employed a corporate policy or practice of providing guest registry information, including the guests' personal identifying information, upon request to agents of U.S. Immigration and Customs Enforcement within the Department of Homeland Security ("ICE").  This information was provided on an almost daily basis by some motels without the ICE agents having provided any documentation or evidence of reasonable suspicion, probable cause, or a search warrant for the requested guest registry information.  Motel 6 was aware that the ICE agents used the guest registry information to identify and single out guests based on national origin, including guests with Latino-sounding names.  ICE would then determine if any of the guests it identified were wanted by ICE in connection with civil immigration matters.  On a number of occasions, ICE agents arrested or otherwise detained guests after reviewing Motel 6's guest registry information.  Motel 6's actions of providing confidential information regarding its guests violates the Washington Consumer Protection Act, RCW 19.86 ("CPA"), and the Washington Law Against Discrimination, RCW 49.60 ("WLAD").  The State of Washington brings this action to obtain a

---

[2] *See also* @motel6, TWITTER (Sept. 14, 2017), available at https://twitter.com/motel6/status/908453005296619521.

DEFENDANTS' ANSWER AND DEFENSES - 2
4824-1527-1773v.2 0110856-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

declaration that Motel 6 violates state law and to seek injunctive and other equitable relief for Motel 6's actions.

**ANSWER:**  Defendants deny the allegations in paragraph 1.1.[3]

## II.      JURISDICTION AND VENUE

2.1      This action is brought by the State of Washington to enforce the CPA's prohibition of unfair or deceptive acts or practices in the conduct of any trade or commerce, RCW 19.86.020, and the WLAD's anti-discrimination protections in places of public accommodation, RCW 49.60.030(1)(b) and RCW 49.60.215.

**ANSWER:** Defendants admit the State purports to bring this action to enforce the CPA and WLAD and otherwise deny the allegations in paragraph 2.1.

2.2      The violations alleged in this Complaint were committed in part in King County, Washington, by Motel 6.

**ANSWER:** Defendants deny they committed any violations at all, but do not deny that venue or jurisdiction is proper in this Court.

2.3      Venue is proper in King County pursuant to RCW 4.12.020 and RCW 4.12.025.

**ANSWER:** This paragraph states a legal conclusion to which no response is required. Defendants do not deny that venue is proper in this Court.

## III.      THE PARTIES

3.1      Plaintiff is the State of Washington.

**ANSWER:**  Defendants admit the nominal plaintiff in this action is the State of Washington and otherwise deny the allegation in paragraph 3.1.

3.2      The Attorney General is authorized to commence this action pursuant to RCW 43.10.030(l) and RCW 19.86.080(1).

**ANSWER:**  Paragraph 3.2 states legal conclusions to which no response is required. Insofar as paragraph 3.2 requires a response, Defendants deny the allegations.

---

[3] Some motels that are branded "Motel 6" are owned by franchisees, not Defendants.  In response to paragraph 1.1 and throughout this Answer, Defendants answer as if the allegations were confined to corporate-owned motels.

3.3     Defendant Motel 6 is a for-profit corporation doing business at various locations throughout the State of Washington, including at least two (2) motels located in King County and at least twenty-four (24) other locations throughout the State.

**ANSWER:**  Defendants admit that G6 does business in the State of Washington. Defendants otherwise deny the allegations in paragraph 3.3.

3.4     Defendant G6 Hospitality LLC is a for-profit corporation that owns, operates and franchises Motel 6 motels throughout the United States, including the State of Washington.  On the basis of knowledge and belief, G6 Hospitality LLC is the parent company of Motel 6 Operating L.P.

**ANSWER**: Defendants deny the allegations in paragraph 3.4.

3.5     Motel 6 engages in trade or commerce within the meaning of RCW 19.86.010(2).

**ANSWER:**  This paragraph states legal conclusions to which no response is required.

3.6     Motel 6's motels are "place[s] of public resort, accommodation, assemblage, or amusement" within the meaning of RCW 49.60.040(2).

**ANSWER:**  This paragraph states legal conclusions to which no response is required.

### IV.     FACTUAL ALLEGATIONS

4.1     Motel 6 owns and operates over 1,200 motels, with more than 105,000 rooms, in the United States and Canada.

**ANSWER:**  Defendants deny the allegations in paragraph 4.1.

4.2     Since at least 2015, Motel 6 has had a policy or practice of providing to ICE agents, upon their request, the list of guests staying at Motel 6 the day of the agents' visit. The guest lists included some or all of the following information for each guest:  room number, name, names of additional guests, guest identification number, date of birth, driver's license number, and license plate number.

**ANSWER:**  Defendants admit that on certain occasions, corporate-owned properties responded to requests from agents from DHS/ICE for guest information, including the

1   information in the second sentence of paragraph 4.2.  Defendants otherwise deny the allegations

2   in paragraph 4.2.

3        4.3     ICE's usual practice was to come to Motel 6's reception desk and request the

4   guest list from the receptionist.  The receptionist would print out the guest list and give it to the

5   ICE agent, along with a "law enforcement acknowledgment form" for the agent to sign,

6   acknowledging receipt of the guest list.  The ICE agent would review the guest list and identify

7   individuals of interest to ICE.  Motel 6 staff observed ICE identify guests of interest to ICE,

8   including by circling guests with Latino-sounding names.

9        **ANSWER:**  Defendants admit that on certain occasions, DHS/ICE personnel visited the

10  reception desk at certain corporate-owned locations in the State of Washington, asked for a guest

11  list, received a copy of the list, and signed a form acknowledging receipt.  Defendants deny the

12  allegations in the last sentence in paragraph 4.3.  Defendants lack knowledge or information

13  sufficient to form a belief as to the truth of the remaining allegations in paragraph 4.3, and

14  therefore deny those allegations.

15       4.4     On a number of occasions after reviewing the guest list, ICE agents arrested or

16  detained Motel 6 guests.

17       **ANSWER:**  Defendants lack knowledge or information sufficient to form a belief as to

18  the truth of the allegations in paragraph 4.4, and therefore deny those allegations.

19       4.5     Motel 6 trained its new employees to follow the practice described above to

20  provide guest lists to ICE agents upon request, without requiring the agents to show any

21  reasonable suspicion, probable cause, or search warrant for the guest registry information.

22       **ANSWER:**  Defendants deny the allegations in paragraph 4.5.

23       4.6     During the period between 2015 and 2017, Motel 6 engaged in the practice of

24  providing guest lists to ICE agents upon request at at [sic] least six (6) of its Washington

25  locations:  Bellingham, Everett North, Everett South, Seattle South, SeaTac,, [sic] and Tacoma

26  South.

27

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**ANSWER:**  Defendants admit that on certain occasions, certain corporate-owned properties in the State of Washington responded to requests from agents from DHS/ICE for guest information.  Defendants otherwise deny the allegations in paragraph 4.6.

4.7     For the period between June 17, 2015, to May 14, 2017, Motel 6 disclosed the personal information of at least 9,151 of its Washington guests to ICE.

**ANSWER:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.7, and therefore deny those allegations.

4.8     Motel 6 engaged in the policy or practice of providing guest lists to ICE agents upon request at motel locations in other states, including in Phoenix, Arizona.

**ANSWER:**  Defendants admit that on certain occasions, certain corporate-owned locations in Phoenix, Arizona responded to requests from DHS/ICE for guest lists.  Defendants otherwise deny the allegations in paragraph 4.8.

4.9     Motel 6 has previously engaged in a policy or practice of providing guest lists to other law enforcement entities on a routine or daily basis, including in Rhode Island.

**ANSWER:**  Defendants admit that that on certain occasions, certain corporate-owned properties responded to requests from law enforcement entities for guest lists.  Defendants otherwise deny the allegations in paragraph 4.9.

4.10    In no case were guests informed that their presence at the motel and personal information would be provided to ICE or another law enforcement agency upon request.

**ANSWER:**  Defendants deny the allegations in paragraph 4.10.

4.11    Motel 6's privacy policy, as set forth on its website (https:Hwww.motel6.conVen/faq.html), states that Motel 6 is "committed to safeguarding the privacy of the personal information that we gather."  The policy also states:  "From time to time, we may disclose your personal information.  We will always endeavor to make that disclosure in accordance with applicable law."

DEFENDANTS' ANSWER AND DEFENSES - 6
4824-1527-1773v.2 0110856-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**ANSWER:**  Defendants state that the online "Privacy Policy governing [] use of [its] websites, mobile apps, and other formats," a true and correct copy of which is attached as Exhibit A, speaks for itself and denies that paragraph 4.11 accurately or fully quotes that policy.

4.12    Motel 6's privacy policy also states that Motel 6 may disclose guest registry information to law enforcement agencies pursuant to a court order or in compliance with any applicable law, regulation, rule, or ordinance.

**ANSWER:**  Defendants state that the online "Privacy Policy governing [] use of [its] websites, mobile apps, and other formats" speaks for itself and denies that paragraph 4.12 accurately or fully quotes that policy.  In fact, the relevant part of the policy actually states:  "**We may disclose Guest Information to law enforcement agencies**, *or* may be required to disclose it during the discovery process in litigation, pursuant to a court order, or in compliance with any applicable law, regulation, rule or ordinance."

4.13    Under Article 1, § 7 of the Washington Constitution, motel guest registry information constitutes a private affair protected from disclosure without probable cause. Motel 6 guests in Washington have a reasonable expectation of privacy that their guest registry information will not be disclosed to ICE without probable cause.

**ANSWER:**  Paragraph 4.13 states legal conclusions to which no response is required. Insofar as paragraph 4.13 requires a response, Defendants deny the allegations.

4.14    Motel 6 guests in Washington also have a common law right to the privacy of their guest registry information.

**ANSWER:**  Paragraph 4.13 states legal conclusions to which no response is required. Insofar as paragraph 4.14 requires a response, Defendants deny the allegations.

4.15    Motel 6's actions of disclosing the private guest registry information of its guests, in violation of the public policy of the State of Washington and its own privacy policy, constitute unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of the CPA.

**ANSWER:**  Defendants deny the allegations in paragraph 4.15.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

4.16     Motel 6's actions of disclosing private guest registry information affects the public interest.

**ANSWER:**  Defendants deny the allegations in paragraph 4.16.

4.17     Motel 6, by voluntarily disclosing its private guest registry information to ICE agents with the knowledge that ICE was requesting the guest registry information for the purpose of discovering and investigating guests on the basis of national origin, including guests with Latino-sounding names, discriminated against such guests on the basis of national origin, in violation of RCW 49.60.030(1)(b) and 49.60.215(1).

**ANSWER:**  Defendants deny the allegations in paragraph 4.17.

4.18     The national origin of the motel guests was a substantial factor in causing the discrimination.

**ANSWER:**  Defendants deny the allegations in paragraph 4.18.

### V.      CAUSES OF ACTION

5.1     Plaintiff realleges paragraphs 1.1 through 4.18 and incorporates them herein as if set forth in full.

**ANSWER:**  Defendants incorporate all prior paragraphs of this answer.

### FIRST CAUSE OF ACTION
**(Consumer Protection Act)**

5.2     Unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful under the Consumer Protection Act.

**ANSWER:**  Paragraph 5.2 states legal conclusions to which no response is required. Insofar as paragraph 5.2 requires a response, Defendants deny that paragraph 5.2 is a complete or accurate statement of the law.

5.3     Motel 6 has committed unfair acts and practices in the conduct of trade or commerce, in violation of RCW 19.86.020, by violating its guests' right to privacy.

**ANSWER:**  Defendants deny the allegations in paragraph 5.3.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

5.4     Motel 6's actions of disclosing its guests' private information in violation of its guests' right to privacy are not reasonable in relation to the development and preservation of business and are inconsistent with the public interest.

**ANSWER:**  Defendants deny the allegations in paragraph 5.4.

## SECOND CAUSE OF ACTION
### (Consumer Protection Act)

5.5     Unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful under the Consumer Protection Act.

**ANSWER:**  Paragraph 5.5 states legal conclusions to which no response is required. Insofar as paragraph 5.5 requires a response, Defendants deny that paragraph 5.5 is a complete or accurate statement of the law.

5.6     Motel 6 has committed deceptive acts and practices in the conduct of trade or commerce, in violation of RCW 19.86.020, by disclosing its guests' private information in violation of its own privacy policy and/or misrepresenting its privacy policy to guests and prospective guests.

**ANSWER:**  Defendants deny the allegations of paragraph 5.6.

5.7     Motel 6's actions of disclosing its guests' private information in violation of its own privacy policy and/or misrepresenting its privacy policy are not reasonable in relation to the development and preservation of business and are inconsistent with the public interest.

**ANSWER:**  Defendants deny the allegations of paragraph 5.7.

## THIRD CAUSE OF ACTION
### (Consumer Protection Act)

5.8     A violation of the Washington Law Against Discrimination that occurs in trade or commerce is a per se violation of the Consumer Protection Act.  RCW 49.60.030(3).  By the actions described above, Motel 6 has committed unfair and deceptive acts and practices that

DEFENDANTS' ANSWER AND DEFENSES - 9
4824-1527-1773v.2 0110856-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

violate the Washington Law Against Discrimination, constituting a per se violation of the Consumer Protection Act.

**ANSWER:**  Paragraph 5.8 states legal conclusions to which no response is required. Insofar as paragraph 5.8 requires a response, Defendants deny that paragraph 5.8 is a complete or accurate statement of the law, and deny the allegations in the last sentence of paragraph 5.8.

5.9     Motel 6's actions of voluntarily disclosing its private guest registry information to ICE agents with the knowledge that ICE was requesting the guest registry information for the purpose of discovering and investigating guests on the basis of national origin, including guests with Latino-sounding names, are not reasonable in relation to the development and preservation of business and are inconsistent with the public interest.

**ANSWER:**  Defendants deny the allegations in paragraph 5.9.

### FOURTH CAUSE OF ACTION
### (National Origin Discrimination in a Place of Public Accommodation)

5.10    Under the Washington Law Against Discrimination, it is an unfair practice for a place of public accommodation to discriminate on the basis of national origin by denying the full enjoyment of the advantages, facilities, or privileges of a place of pubic resort, accommodation, assemblage, or amusement.

**ANSWER:**  Paragraph 5.10 states legal conclusions to which no response is required. Insofar as paragraph 5.10 requires a response, Defendants deny that paragraph 5.10 is a complete or accurate statement of the law.

5.11    By the actions described above, Motel 6 has discriminated in a place of public accommodation on the basis of national origin, in violation of RCW 49.60.030(1)(b).

**ANSWER:**  Defendants deny the allegations in paragraph 5.11.

### FIFTH CAUSE OF ACTION
### (National Origin Discrimination in a Place of Public Accommodation)

5.12    Under the Washington Law Against Discrimination, it is an unfair practice for a place of public accommodation to discriminate on the basis of national origin by directly or

1  indirectly distinguishing, restricting, discriminating, requiring payment of a larger rate, or

2  refusing or withholding admission, patronage, custom, presence, frequenting, dwelling, staying,

3  or lodging at a place of public resort, accommodation, assemblage, or amusement.

4      **ANSWER:**  Paragraph 5.12 states legal conclusions to which no response is required.

5  Insofar as paragraph 5.12 requires a response, Defendants deny that paragraph 5.12 is a complete

6  or accurate statement of the law.

7      5.13   By the actions described above, Motel 6 has discriminated in a place of public

8  accommodation on the basis of national origin, in violation of RCW 49.60.215(1).

9      **ANSWER:**  Defendants deny the allegations in paragraph 5.13.

10      The remainder of the Amended Complaint is a Prayer for Relief to which no response is

11  required.  Defendants deny that the State is entitled to any of the relief it requests.

12  **DEFENSES**

13      Below are Defendants' defenses.  By setting forth these defenses, Defendants do not

14  assume any burden of proof as to any fact issue or other element of any cause of action that

15  properly belongs to Plaintiff.  Defendants reserve the right to amend or supplement their

16  defenses.

17      1.   ***Failure to state a claim.***  The Amended Complaint fails to state a claim on which

18  relief can be granted.

19      2.   ***RCW 4.24.510.***  The Amended Complaint is barred under Washington's anti-

20  SLAPP statute, RCW 4.24.510, which provides Defendants an absolute immunity from liability.

21      3.   ***Supremacy Clause***.  The Amended Complaint is barred by the Supremacy Clause

22  of the United States Constitution.

23  **PRAYER FOR RELIEF**

24      WHEREFORE, Defendants pray for judgment as follows:

25      1.   That Plaintiff be denied all forms of relief requested in the Amended Complaint;

26      2.   That the Amended Complaint be dismissed with prejudice and judgment entered

27  in favor of Defendants;

DEFENDANTS' ANSWER AND DEFENSES - 11
4824-1527-1773v.2 0110856-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    3.      That Defendants be awarded their costs and attorneys' fees to the extent allowable

2  by law, including as the prevailing party under RCW § 4.24.510; and

3    4.      For such other and further relief as the Court deems just and proper.

4

5    DATED this 16th day of February, 2018.

6                                         Davis Wright Tremaine LLP
                                          Attorneys for Defendants Motel 6 Operating
7                                         L.P. and G6 Hospitality LLC

8
                                          By s/ Mark N. Bartlett
9                                            Mark N. Bartlett, WSBA #15672
                                             Ambika K. Doran, WSBA #38237
10
                                             1201 Third Avenue, Suite 2200
11                                           Seattle, WA  98101-3045
                                             Telephone: (206) 622-3150
12                                           Fax: (206) 757-7700
                                             E-mail: markbartlett@dwt.com
13                                           E-mail: ambikadoran@dwt.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## CERTIFICATE OF SERVICE

I hereby certify that I caused the document to which this certificate is attached to be delivered to the following as indicated:

Robert W. Ferguson
Attorney General
Mitchell A. Riese
Andrea Brenneke
Assistant Attorneys General
Attorneys for State of Washington
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
Tel: 206-464-7744

☐  Messenger
☐  U.S. Mail, postage prepaid
☐  Federal Express
☐  Facsimile
☒  Email : mitchellr@atg.wa.gov; andreab3@atg.wa.gov

☒  ECF

DATED this 16th day of February, 2018.

_s/ Mark N. Bartlett_
Mark N. Bartlett, WSBA #15672

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

FILED

18 FEB 16 PM 1:43

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-00283-4 SEA

SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR
THE COUNTY OF KING

| | |
|---|---|
| STATE OF WASHINGTON | |
| vs. | Case No.: 18-2-00283-4 SEA |
| MOTEL 6 OPERATING ET ANO | CERTIFICATE OF E-SERVICE |
| | (AFSR) |

I, Mark Bartlett, certify that I initiated electronic service of the following document(s) on the parties listed below who have consented to accept electronic service via the King County eFiling Application.  Service was initiated on February 16, 2018 at 01:42:59 PM.

Document(s):

1.   ANSWER OF DEFENDANTS

Parties:

1.   Mark Bartlett, Attorney for Respondent/Defendant
     email: markbartlett@dwt.com
2.   Ambika Doran, Respondent/Defendant
     email: AmbikaDoran@dwt.com
3.   Mitchell Riese, Petitioner/Plaintiff
     email: mitchellr@atg.wa.gov

Executed this 16th day of February, 2018.

s/ Mark Bartlett
WSBA #:    15672
1201 Third Avenue
Suite 2200
Seattle, WA 98101
(206) 757-8298
markbartlett@dwt.com

CERTIFICATE OF E-SERVICE - 1

The Honorable Dean S. Lum
Noted for Consideration: February 20, 2018
Without oral argument

FILED
KING COUNTY, WASHINGTON

FEB 2 0 2018

SUPERIOR COURT CLERK
BY Angela Little
DEPUTY

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

STATE OF WASHINGTON,

               Plaintiff,

    v.

MOTEL 6 OPERATING L.P., and G6
HOSPITALITY LLC,

               Defendants.

No. 18-2-00283-4 SEA

~~[PROPOSED]~~ ORDER
GRANTING MOTION FOR
LIMITED ADMISSION
PURSUANT TO APR 8(b)

## I.    BASIS

A Motion For Limited Admission Pursuant To APR(8)(b) (PRO HAC VICE) and the attached Certification of Application for Limited Admission and Certificate of Moving Party (WSBA Member) has been presented by Mark N. Bartlett.

## II.    FINDINGS

1.    Michael B. DeSanctis qualifies for Pro Hac Vice Admission and has complied with all of the requirements of APR (8)(b);

2.    Mark N. Bartlett, an active member in good standing of the Washington State Bar Association, will be the lawyer of record in this proceeding, will be responsible for the conduct of Mr. DeSanctis and present at proceedings in this matter unless excused by the Court.

[PROPOSED] ORDER GRANTING LIMITED ADMISSION - 1
4836-2169-7371v.1 0110856-000001

ORIGINAL

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

3.     Mark N. Bartlett has provided evidence establishing that he has submitted a copy of the motion and the required fee to the Washington State Bar Association.

### III.     ORDER

It is hereby ORDERED that Michael D. DeSanctis is admitted to practice as a lawyer in this proceeding pursuant to APR 8(b).  Mark N. Bartlett, an active member in good standing of the Washington State Bar Association, will be the lawyer of record in this proceeding, will be responsible for the conduct of Mr. DeSanctis and present at proceedings in this matter unless excused by the Court.

DATED: _____2/20/19_____.

_____
Judge/Commissioner/Clerk

JUDGE DEAN S. LUM

*Presented by*:

Davis Wright Tremaine LLP
Attorneys for Defendants Motel 6 Operating L.P.
and G6 Hospitality LLC

By _____
    Mark N. Bartlett, WSBA #15672
    Ambika K. Doran, WSBA #38237

1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: markbartlett@dwt.com
E-mail: ambikadoran@dwt.com

IT IS ORDERED that moving party
is required to provide a copy of this order
to all parties who have appeared in the case.

[PROPOSED] ORDER GRANTING LIMITED ADMISSION - 2
4836-2169-7371v.1 0110856-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax



KING COUNTY, WASHINGTON

FEB 2 0 2018

SUPERIOR COURT CLERK
BY Angela Little
DEPUTY

The Honorable Dean S. Lum
Noted for Consideration: February 20, 2018
Without oral argument

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

STATE OF WASHINGTON,

                   Plaintiff,

    v.

MOTEL 6 OPERATING L.P., and G6
HOSPITALITY LLC,

                  Defendants.

No. 18-2-00283-4 SEA

[PROPOSED] ORDER
GRANTING MOTION FOR
LIMITED ADMISSION
PURSUANT TO APR 8(b)

## I.    BASIS

A Motion For Limited Admission Pursuant To APR(8)(b) (PRO HAC VICE) and the attached Certification of Application for Limited Admission and Certificate of Moving Party (WSBA Member) has been presented by Mark N. Bartlett.

## II.    FINDINGS

1.    Peter J. Kadzik qualifies for Pro Hac Vice Admission and has complied with all of the requirements of APR (8)(b);

2.    Mark N. Bartlett, an active member in good standing of the Washington State Bar Association, will be the lawyer of record in this proceeding, will be responsible for the conduct of Mr. Kadzik and present at proceedings in this matter unless excused by the Court.

[PROPOSED] ORDER GRANTING LIMITED ADMISSION - 1
4820-0983-7659v.1 0110856-000001

ORIGINAL

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

3.      Mark N. Bartlett has provided evidence establishing that he has submitted a copy of the motion and the required fee to the Washington State Bar Association.

### III.     ORDER

It is hereby ORDERED that Peter J. Kadzik is admitted to practice as a lawyer in this proceeding pursuant to APR 8(b).  Mark N. Bartlett, an active member in good standing of the Washington State Bar Association, will be the lawyer of record in this proceeding, will be responsible for the conduct of Mr. Kadzik and present at proceedings in this matter unless excused by the Court.

DATED: _____2/20/18_____.

_____
Judge/~~Commissioner/Clerk~~

JUDGE DEAN S. LUM

*Presented by*:

Davis Wright Tremaine LLP
Attorneys for Defendants Motel 6 Operating L.P.
and G6 Hospitality LLC

By _____
   Mark N. Bartlett, WSBA #15672
   Ambika K. Doran, WSBA #38237

   1201 Third Avenue, Suite 2200
   Seattle, WA  98101-3045
   Telephone: (206) 622-3150
   Fax: (206) 757-7700
   E-mail: markbartlett@dwt.com
   E-mail: ambikadoran@dwt.com

IT IS ORDERED that moving party
is required to provide a copy of this order
to all parties who have appeared in the case.

[PROPOSED] ORDER GRANTING LIMITED ADMISSION - 2
4820-0983-7659v.1 0110856-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax