UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, | CASE NO. C18-337-MJP |
| Plaintiff, | ORDER GRANTING MOTION TO REMAND |
| v. | |
| MOTEL 6 OPERATING LP, et al., | |
| Defendants. | |

THIS MATTER comes before the Court on the State of Washington's Motion to Remand. (Dkt. No. 8.) Having reviewed the Motion, the Response (Dkt. No. 12), the Reply (Dkt. No. 14) and all related papers, the Court GRANTS the Motion and REMANDS this case to King County Superior Court. The Court declines to hear oral argument on the matter.

**Background**

The State of Washington filed this action against Motel 6 Operating L.P. and G6 Hospitality LLC (collectively, "Motel 6") in King County Superior Court on January 3, 2018. (See Dkt. No. 1, Ex. 2.)

Washington alleges that since at least 2015, Motel 6 has employed a corporate policy or practice of voluntarily providing guest registry information to the Department of Homeland Security and U.S. Immigration and Customs Enforcement ("DHS/ICE"), which DHS/ICE then used to determine whether its guests were wanted in connection with civil immigration matters. (Dkt. No. 1, Ex. 3 at ¶¶ 4.2-4.4.) Washington alleges that Motel 6 turned over this information on an almost daily basis "without the ICE agents having provided any documentation or evidence of reasonable suspicion, probable cause, or a search warrant for the requested guest registry information." (Id. at ¶ 1.1.) Instead, DHS/ICE's usual practice was "to come to Motel 6's reception desk and request the guest list from the receptionist. The receptionist would print out the guest list and give it to the ICE agent," who would then "review the guest list and identify individuals of interest to ICE." (Id. at ¶ 4.3.) "Motel 6 staff observed ICE identify guests of interest to ICE, including by circling guests with Latino-sounding names." (Id.)

Washington contends that this practice violated the Washington Consumer Protection Act, RCW 19.86, et seq. ("CPA") and the Washington Law Against Discrimination, RCW 49.60 et seq. ("WLAD"). (Id. at ¶ 2.1.)

On March 5, 2018, Motel 6 removed the case to federal court under the federal officer removal statute, 28 U.S.C. § 1442(a). (See Dkt. No. 1.) Washington now moves to remand.

**Discussion**

I. **Legal Standard**

The purpose of the federal officer removal statute ("Section 1442") is "to ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties." Arizona v. Manypenny, 451 U.S. 232, 241 (1981). A party seeking removal under Section 1442 bears the burden of showing, by a preponderance of evidence, "that (a) it is a

'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" Goncalves v. Rady Children's Hosp. San Diego, 865 F.3d 1237, 1244 (9th Cir. 2017) (citation omitted). The Court is to "interpret Section 1442 broadly in favor of removal." Id. (citation omitted).

## II. Federal Officer Removal

Washington contends that Motel 6 cannot satisfy the requirements for removal under Section 1442 because (1) it was not acting under or pursuant to a federal officer's directions and (2) it cannot assert a colorable federal defense. (Dkt. No. 8 at 7.)

### A. "Acting Under" a Federal Officer

"For a private entity to be 'acting under' a federal officer, the private entity must be involved in 'an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior." Goncalves, 865 F.3d at 1245 (quoting Watson v. Philip Morris Cos., Inc., 551 U.S. 142, 152 (2007)) (emphasis in original). "The 'relationship typically involves subjection, guidance, or control . . .'" Id. (quoting Watson, 551 U.S. at 151-53). Acts occurring under the "general auspices of federal direction" are insufficient. Cabalce v. Thomas E. Blanchard & Assocs., Inc., 797 F.3d 720, 729 (9th Cir. 2015). Instead, acts must occur pursuant to a federal officer's or agency's "direct orders or comprehensive and detailed regulations." Id.

Washington contends that Motel 6's decision to turn over its guest registries to DHS/ICE was discretionary, such that it was not acting under DHS/ICE's "subjection, guidance or control" when it elected to do so. (Dkt. No. 8 at 7-10.) Motel 6 responds that it would not have turned over its guest registries in the absence of "specific requests by DHS/ICE agents," and that there

1 | is no requirement that its decision be non-discretionary to satisfy the federal removal statute.

2 | (Dkt. No. 12 at 12-13.)

3 | The Court finds that Motel 6 has not satisfied its burden of establishing that it "acted under" a federal officer, such that there is a causal connection between its actions and Washington's claims. Motel 6 has established neither that it was in any way "required" or "obligated" to turn over its guest registries to DHS/ICE, nor that it was in a subordinate-superior relationship with DHS/ICE. Compare Goncalves, 865 F.3d at 1245-48 (holding that removal was proper where insurance companies were "required" and "obligated" to seek recovery through subrogation under the terms of a government contract). Instead, Motel 6 concedes that it provided its guest registry to DHS/ICE "voluntarily" and that it was free to disregard the agents' requests. (See Dkt. No. 4, Ex. 1 at 54-55.) In fact, certain of its properties apparently refused to provide requested guest information to DHS/ICE, and in September 2017, Motel 6 changed its corporate policy to prohibit its properties from "*voluntarily* providing daily guest lists . . . absent compulsory process, including subpoena or warrant, or truly extenuating circumstances, such as an imminent threat to public, employee, or guest safety." (Id.) (emphasis added).

### B. Whether Motel 6 Can Raise a Colorable Federal Defense

Motel 6 claims that it has multiple colorable federal defenses and invokes (1) immunity under the Supremacy Clause of the U.S. Constitution; (2) conflict preemption; (3) the Privileges and Immunities Clause of the U.S. Constitution; and (4) a federally-recognized property right in its guest registries based on City of Los Angeles v. Patel, 135 S.Ct. 2443 (2015). (See Dkt. No. 12.) While a party seeking removal under Section 1442 need not establish its defense conclusively, it must make an "adequate threshold showing on the basis of competent evidence."

McMann v. Air & Liquid Sys. Corp., No. 14-0280RSM, 2014 WL 1794694, at *6 (W.D. Wash. May 6, 2014).

The Court considers each of Motel 6's claimed defenses in turn:

**1. Supremacy Clause**

The Supremacy Clause provides protection for federal agents facing state criminal charges for actions taken in the course of their duties and in a manner generally authorized by federal law. To be immune, the federal agent must act within its government authority, do "no more than is necessary and proper in the performance of his duty," and have "an honest and reasonable belief that what he did was necessary in the performance of his duty." Clifton v. Cox, 549 F.2d 722, 729-30 (9th Cir. 1977). Immunity may extend to a private entity acting under contract or agreement with the federal government to fulfill federal interests where a "significant conflict exists between an identifiable federal policy or interest and the operation of state law," or where "the application of state law would frustrate specific objectives of federal legislation." Boyle v. United Techs. Corp., 487 U.S. 500, 507 (1984) (internal quotation marks and citations omitted).

The Court finds that Motel 6 has not established a colorable federal defense based on the Supremacy Clause. Motel 6 contends that it is immune under the Supremacy Clause because it "reasonably complied with the authority of government agents." (Dkt. No. 12 at 14-16.) In support, Motel 6 relies upon Brown v. Nationsbank Corp., 188 F.3d 579 (5th Cir. 1999) and other out-of-circuit cases in which private entities acted as part of organized, federal undercover operations. In Brown, the Fifth Circuit affirmed dismissal of state law claims against individuals acting as FBI informants, finding that even though the individuals "committed what would have been illegal acts under state law," they did so "at the direction and control of [federal] agents

1 acting within their authority" and that imposing liability under state law would inhibit the
enforcement of federal law. Id. at 589. As discussed supra, Motel 6 has not established that it
acted "at the direction and control" of DHS/ICE or as part of any organized, federal undercover
operation. Further, Motel 6 has not established any "significant conflict" between the CPA and
WLAD and federal immigration policy.

**2. Conflict Preemption**

A state law may be preempted by federal law when (1) "compliance with both federal and state regulations is a physical impossibility" or (2) when "the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Arizona v. U.S., 567 U.S. 387, 399 (2012) (internal quotation marks and citations omitted). In resolving questions of preemption, the Court must "start with the assumption that the historic police powers of the States were not to be superseded . . . unless that was the clear and manifest purpose of Congress." Wyeth v. Levine, 555 U.S. 555, 565 (2009) (citation omitted). This is particularly true when Congress legislates in fields traditionally occupied by the states, such as consumer protection and discrimination. Id.; see also Hickey v. Voxernet LLC, 887 F. Supp. 2d 1125, 1130 (W.D. Wash. 2012) ("Consumer protection is an area of traditional state authority creating a presumption against federal preemption.") (citation omitted); Kroske v. U.S. Bank Corp., 432 F.3d 976, 981 (9th Cir. 2005) ("[W]e begin with the presumption that Congress did not intend . . . to preempt the WLAD.").

Motel 6 contends that the CPA and WLAD stand as an obstacle to "the full purposes and objectives" of federal immigration laws and that "to the extent that the State asserts that it may use the CPA or WLAD to impose civil fines on private entities for acts taken at the direction of federal officials," the State has overextended its otherwise permissible exercise of police power.

(Dkt. No. 12 at 18.) In particular, Motel 6 claims that "under federal law, DHS/ICE may request guest lists and other information, and under the State's view of Washington law, DHS/ICE is required to obtain 'a warrant or court order' to obtain that same information." (Id.)

The Court finds that Motel 6 has not established a conflict between the CPA, the WLAD, and the federal immigration law warranting preemption. Motel 6 does not explain how requiring private entities to comply with the CPA and WLAD stands as an obstacle to the "full purposes and objectives" of the federal immigration statute. See Gade v. Nat'l Solid Wastes Mgmt. Ass'n, 505 U.S. 88, 98 (1992) (citation omitted). While Motel 6 claims that 8. U.S.C. § 1357 and 8 C.F.R. § 287.5 "authorize[] DHS/ICE to investigate and enforce a wide range of civil and criminal statutes, including immigration laws" and thereby preempt state law (Dkt. No. 12 at 17), DHS/ICE may continue to investigate and enforce federal immigration laws while also complying with the CPA and WLAD. For example, should DHS/ICE have probable cause, they may seek warrants to inspect motel guest registries. Mere "tension between federal and state law"—to the extent that there is any—"is not enough to establish conflict preemption." Shroyer v. New Cingular Wireless Servs., Inc., 498 F.3d 976, 988 (quoting Incalza v. Fendi N. Am., Inc., 479 F.3d 1005, 1010 (9th Cir. 2007)).

### 3. Privileges and Immunities Clause

The Privileges and Immunities Clause of the Fourteenth Amendment provides that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States." U.S. Const. amend. XIV, § 1. Motel 6 contends that the Privileges and Immunities clause provides it with a colorable federal defense, as it claims it "reasonably believed that the DHS/ICE agents sought the requested information for the purpose of preventing criminal activity and apprehending perpetrators engaged in human trafficking, drug trafficking,

prostitution, and other criminal conduct . . ." (Dkt. No. 12 at 19.)  Under certain circumstances, the Privileges and Immunities Clause has been held to protect an individual's right to inform the federal government of violations of federal law.  See, e.g., In Re Quarles, 158 U.S. 532, 535-37 (1895); E.E.O.C. v. Pac. Press Pub. Ass'n, 676 F.2d 1272, 1290 (9th Cir. 1982).  However, Motel 6 does not claim that its employees ever reported or informed any federal agent of a violation of federal law.  Instead, they voluntarily turned over guest registries on a daily basis, and without any basis for believing that guests were violating federal law.

The Court finds that Motel 6 has not established a defense based on the Privileges and Immunities Clause.

### 4. City of Los Angeles v. Patel

In Patel v. City of Los Angeles, the Ninth Circuit held that hotels have both a "possessory and an ownership interest" in their guest registries.  738 F.3d 1058, 1061 (9th Cir. 2013).  The Supreme Court affirmed in City of Los Angeles v. Patel, and noted that hotels "remain free to consent to searches of their registries and police can compel them to turn them over if they have a proper administrative warrant . . . or if some other exception to the warrant requirement applies, including exigent circumstances." 135 S.Ct. at 2454.  Motel 6 contends that these cases provide it with a "federally recognized property right[]" that overrides its obligation to comply with the CPA or WLAD.  (Dkt. No. 12 at 20.)  But the privacy rights of hotel guests were not at issue in the Patel cases, and Motel 6 cites no other case that supports this proposition.  The Court finds that Motel 6 has not established a defense based on City of Los Angeles v. Patel.

### Conclusion

Even under the broadest of interpretations, Motel 6's decision to turn over its guest registries to DHS/ICE "at its own discretion rather than at the government's discretion and in

accordance with federal duties" does not justify a federal forum under Section 1442. <u>Prewett v. Goulds Pumps (IPG)</u>, No. C09-0838RSM, 2009 WL 2959877, at *3 (W.D. Wash. Sept. 9, 2009). Motel 6 has established neither that it was "acting under" a federal officer, nor that it has a colorable federal defense. Therefore, the Court GRANTS Washington's Motion to Remand, and REMANDS this case to King County Superior Court for all further proceedings.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 18, 2018.

Marsha J. Pechman
United States District Judge